UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
File No. 1:12-CV-1349

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ANSWER |
| | ) | |
| TERRY S. JOHNSON, in his official | ) | |
| capacity as Alamance County Sheriff, | ) | |
| Defendant. | ) | |

_____

NOW COMES Terry S. Johnson, in his official capacity as Alamance County Sheriff, by and through his undersigned counsel, answering the Complaint of the Plaintiff, and says:

FIRST DEFENSE

1. The allegations contained in paragraph 1 of the Complaint are denied.

2. The allegations contained in paragraph 2 of the Complaint are admitted in so far as it is alleged that Defendant, Johnson, acts individually, and that he appoints deputies to assist him in the performance of his official duties. The rest and remainder of the allegations are denied, and it is specifically denied that the Alamance County Sheriff's Office has a legal existence.

3. The allegations contained in paragraph 3 of the Complaint are denied.

4. The Defendant does not have sufficient information to determine the truth or falsity of the allegations contained in paragraph 4 of the Complaint as they relate to an alleged 2012 statistical study by the United States Department of Justice, and the same are

therefore denied. The rest and remainder of the allegations contained in paragraph 4 of the Complaint are denied.

5. The allegations contained in paragraph 5 of the Complaint are denied.

6. The allegations contained in paragraph 6 of the Complaint are denied.

7. The allegations contained in paragraph 7 of the Complaint are denied.

8. The allegations contained in paragraph 8 of the Complaint are admitted.

9. The allegations contained in paragraph 9 of the Complaint are admitted.

10. The allegations contained in paragraph 10 of the Complaint are denied insofar as they allege that the Sheriff is legally responsible for the acts and omissions of his deputies and command staff. The rest and remainder of the allegations are legal argument which requires no answer.

11. The allegations contained in paragraph 11 of the Complaint are denied.

12. The allegations contained in paragraph 12 of the Complaint are admitted.

13. The allegations contained in paragraph 13 of the Complaint are admitted.

14. The allegations contained in paragraph 14 of the Complaint are admitted.

15. The allegations contained in paragraph 15 of the Complaint are admitted.

16. The allegations contained in paragraph 16 of the Complaint are denied insofar as they allege that the United States notified the Defendant that "reasonable cause" to believe that a violation of Federal law had occurred. The rest and remainder of the allegations contained in paragraph 16 of the Complaint are admitted.

17. The allegations contained in paragraph 17 of the Complaint are admitted insofar as they allege that the legal conclusions in the September 18, 2012 letter were meaningless and that no remedial measures were needed. The rest and remainder of the allegations contained in paragraph 17 are denied.

18. This Defendant is without sufficient information to determine the truth or falsity of the allegations contained in paragraph 18 of the Complaint, and they are therefore denied.

19. The allegations contained in paragraph 19 of the Complaint are admitted.

20. The allegations contained in paragraph 20 of the Complaint are denied.

21. The allegations contained in paragraph 21 are admitted insofar as it is alleged that declaratory and injunctive relief are authorized by the cited statutes. It is denied that declaratory or injunctive relief are authorized against this Defendant.

22. The allegations contained in paragraph 22 of the Complaint are admitted.

23. The allegations contained in paragraph 23 of the Complaint are denied.

24. The allegations contained in paragraph 24 of the Complaint are denied.

25. The allegations contained in paragraph 25 of the Complaint are denied.

26. The allegations contained in paragraph 26 of the Complaint are denied.

27. The allegations contained in paragraph 27 of the Complaint are denied.

28. The allegations contained in paragraph 28 of the Complaint are denied.

29. The allegations contained in paragraph 29 of the Complaint are denied.

30. The allegations contained in paragraph 30 of the Complaint are admitted insofar as they allege that the Defendant worked with the United States Drug Enforcement Agency to arrest members of a major Latino drug cartel and drug traffickers operating in Alamance County. The rest and remainder of the allegations contained in paragraph 30 of the Complaint are denied.

31. The allegations contained in the introduction in paragraph 31 of the Complaint and in subparagraphs "a" and "b" are denied. The Defendant is without sufficient information to form an opinion as to the truth or falsity of the allegations contained in paragraph 31, subparagraph "c", and the same are therefore denied. The allegations contained in paragraph 31, subparagraph "d" of the Complaint are denied. The allegations contained in paragraph 31, subparagraph "e" of the Complaint are admitted insofar as it alleges that the Defendant spoke at a national security conference in January 2009, and further that the Defendant complained about illegal Latino migration into the State. The rest and remainder of the allegations contained in paragraph 31, subparagraph "e" of the Complaint are denied.

32. The allegations contained in paragraph 32 of the Complaint are denied.

33. The introductory allegations contained in paragraph 33 of the Complaint, and the allegations contained in subparagraphs "b" through "d" are denied. The Defendant is without sufficient information to form an opinion as to the truth or falsity of the allegations contained in subparagraph "a", and the same are therefore denied.

34. The allegations contained in paragraph 34 of the Complaint are denied.

35. The Defendant is without sufficient information to form an opinion as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint, and the same are therefore denied.

36. The Defendant is without sufficient information to form an opinion as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint, and the same are therefore denied.

37. The allegations contained in paragraph 37 of the Complaint are denied.

38. The allegations contained in paragraph 38 of the Complaint are denied.

39. The allegations contained in paragraph 39 of the Complaint are denied.

40. The allegations contained in paragraph 40 of the Complaint are denied.

41. The allegations contained in paragraph 41 of the Complaint are denied.

42. The allegations contained in paragraph 42 of the Complaint are denied.

43. The allegations contained in paragraph 43 of the Complaint are denied.

44. The allegations contained in paragraph 44 of the Complaint are denied.

45. The allegations contained in paragraph 45 of the Complaint are denied.

46. The allegations contained in paragraph 46 of the Complaint are admitted insofar as it is alleged that persons passing thought traffic checkpoints are required to stop and comply with law enforcement directions. The rest and remainder of the allegations contained in paragraph 46 of the Complaint are denied.

47. The allegations contained in paragraph 47 of the Complaint are denied.

48. The allegations contained in paragraph 48 of the Complaint are admitted insofar as they allege booking procedures were changed after signing the MOA in 2007 in order to comply with ICE regulations. The rest and remainder of the allegations contained in paragraph 48 of the Complaint are denied.

49. The allegations contained in paragraph 49 of the Complaint are admitted insofar as they allege that the Sheriff's officers ask arrestees about their place of birth and citizenship. It is further admitted that when the 287(g) program was in effect, that the arrestee was taken to a 287(g) trained detention officer or ICE officer when it was determined that the arrestee was not a citizen in order to verify immigration status. It is denied that arrestees were taken to 287(g) trained officers or ICE officers if they had made bail; in that, those individuals were not booked into the jail or interviewed by detention officers.

50. The allegations contained in paragraph 50 of the Complaint are denied.

51. The allegations contained in paragraph 51 of the Complaint are denied.

52. The allegations contained in paragraph 52 of the Complaint are denied.

53. The allegations contained in paragraph 53 of the Complaint are denied.

54. The allegations contained in paragraph 54 of the Complaint are denied.

55. The allegations contained in paragraph 55 of the Complaint are denied.

56. The allegations contained in paragraph 56 of the Complaint are denied.

57. The allegations contained in paragraph 57 of the Complaint are denied.

58. The allegations contained in paragraph 58 of the Complaint are denied.

59. The allegations contained in paragraph 59 of the Complaint are denied, except that it is admitted that in March 2009 officers of the Sheriff's Office found that the computer software used by Alamance County and other law enforcement departments in the State was defective. The officers also learned of human errors in the reporting. As a result of this determination, new computer software was purchased, a captain in the Sheriff's office was tasked with weekly reviews of all traffic stops, and traffic stop data is posted on the Sheriff's Office webpage.

60. The allegations contained in paragraph 60 of the Complaint are denied.

61. The allegations contained in paragraph 61 of the Complaint are denied.

62. The allegations contained in paragraph 62 of the Complaint are admitted insofar as they allege that the officers of the Vice Unit are loyal to the Defendant. The rest and remainder of the allegations contained in paragraph 62 of the Complaint are denied.

63. The allegations contained in paragraph 63 of the Complaint are denied.

64. The allegations contained in paragraph 64 of the Complaint are denied.

65. The allegations contained in paragraph 65 of the Complaint are denied.

66. The allegations contained in paragraph 66 of the Complaint are denied.

67. The allegations contained in paragraph 67 of the Complaint are denied.

68. The allegations contained in paragraph 68 of the Complaint requires no answer. To the extent an answer is required, the allegations are denied or admitted as shown by the responses to paragraphs 1-67 of the Complaint.

69. The allegations contained in paragraph 69 of the Complaint require no answer as 42 U.S.C. § 14141(b) speaks for itself.

70. The allegations contained in paragraph 70 of the Complaint are denied.

71. The allegations contained in paragraph 71 of the Complaint are denied.

72. The allegations contained in paragraph 73 of the Complaint require no answer. To the extent an answer is required, the allegations are denied or admitted as shown by the responses to paragraphs 1-67 of the Complaint.

73. The allegations contained in paragraph 74 of the Complaint requires no answer as 42 U.S.C. § 14141(b) speaks for itself.

74. The allegations contained in paragraph 75 of the Complaint are denied.

75. The allegations contained in paragraph 76 of the Complaint are denied.

76. The allegations contained in paragraph 77 of the Complaint are denied.

## SECOND DEFENSE
*Statute of Limitations*

77. 28 U.S.C. § 1658 provides a four year statute of limitations which is applicable to this action.

78. To the extent that the Plaintiff's causes of action are based on acts occurring beyond the four year statute of limitations, the causes of action are barred.

## THIRD DEFENSE
*Res Judicata*

79. The Plaintiff previously filed an action against this Defendant, among others, in the District Court of the Middle District of North Carolina; *United States of America v. Alamance County, et al.*, 1:11-cv-507.

80. The previous action arose out of the same transactions as the present case.

81. The notification, detailing the alleged discriminatory practices, referred to in paragraph 16 of the Complaint in this action was filed in the case of *United States of America v. Alamance County, et al.*, 1:11-cv-507.

82. The Court, on Plaintiff's motion, dismissed the case of *United States of America v. Alamance County, et al.*, 1:11-cv-507, with prejudice.

83. The present case is thus barred by the doctrine of *res judicata*.

## FOURTH DEFENSE
*Subject Matter Jurisdiction*

84. In order for the Attorney General to bring a suit pursuant to 42 U.S.C. § 14141, the Attorney General must have reasonable cause to believe that there has been a violation of 42 U.S.C. § 14141(a).

85. The Attorney General did not have reasonable cause, and reasonable cause does not exist, to believe that the Defendant has violated 42 U.S.C. § 14141.

86. As the Attorney General had no authority to bring this action, the Court lacks subject matter jurisdiction over the action.

The Defendant, Terry S. Johnson, in his official capacity as Alamance County Sheriff, having fully answered the Complaint of the Plaintiff, prays the Court as follows:

1. That this action be dismissed with prejudice.

2. That the cost of this action be taxed to the Plaintiff.

3. For such other and further relief as the Court deems mete and proper.

This the 15th day of January, 2013.

                                        Turrentine Law Firm, PLLC

                                        by: /s/ S. C. Kitchen
                                        S. C. Kitchen
                                        NC Bar No. 9309
                                        920-B Paverstone Dr.
                                        Raleigh, NC 27615
                                        Telephone:   (888) 308-3708
                                        Fax:          (888) 308-3614
                                        Email: ckitchen@turrentinelaw.com

## CERTIFICATE OF SERVICE

I, S. C. Kitchen, hereby certify that on January 15, 2013, I filed this document with the U.S. District Court's electronic Filing (ECF) system, which will serve a copy by email to counsel, and further that for counsel who are not listed in the ECF system, I served a copy of the foregoing document on the counsel in this action by placing the same in the United States Mail, postage affixed:

Samantha K. Trepel
U. S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530
Email: samantha.trepel@usdoj.gov

This the 15th day of January, 2013.

Turrentine Law Firm, PLLC

by: /s/ S. C. Kitchen
S. C. Kitchen
NC Bar No. 9309
920-B Paverstone Dr.
Raleigh, NC 27615
Telephone:   (888) 308-3708
Fax:             (888) 308-3614
Email: ckitchen@turrentinelaw.com