IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV1349 |
| | ) | |
| TERRY S. JOHNSON, in his official | ) | |
| capacity as Alamance County Sheriff, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATION AND ORDER REGARDING DISCOVERY**

The United States and Alamance County Sheriff Terry Johnson (collectively "the Parties") mutually seek to reduce the time, expense and other burdens of discovery of documents, things and electronically stored information ("ESI"). Accordingly, the Parties enter into this Stipulation to govern discovery obligations in this action.

The Parties stipulate as follows:

1) **Obligations to Preserve**

1. <u>Preservation of Documents, Things and ESI</u>. All potentially relevant documents, things, and ESI, other than those exempted from discovery in paragraph 3, created before or after the date of entry of this Stipulation and Order, must be preserved in accordance with the Federal Rules of Civil Procedure ("FRCP"), the Federal Rules of Evidence, and the relevant controlling principles of law.

2. "<u>Draft Document(s)</u>". For the purposes of this litigation, the obligation to preserve potentially relevant documents, things, and ESI extends to draft paper and

electronic documents, except as provided in paragraph 3. A "draft" document (hereinafter "Draft Document") for the purposes of this Stipulation and Order, means a preliminary version of a document that has been shared by the author with another person (by email, print or otherwise) or one that the author no longer intends to finalize or to share with another person. A Party need not preserve a document before and after every change, so long as Draft Documents are preserved.

3. <u>Red-lined and Marked-up Documents</u>. For the purposes of this litigation, the obligation to preserve potentially relevant documents, things, and ESI extends to red-lined or marked-up electronic documents, except as provided in paragraph 3. This obligation extends to both Draft Documents and finalized documents for which a red-lined or marked-up version exists.

2) **Provisions for the Production of All Documents and ESI**

a. <u>Form and Manner of Production of All Documents and ESI</u>. The parties agree to produce documents in the form and manner described below.

**Paper Documents**:

1. <u>Format for Production of Paper Documents</u>. The Parties agree that hard-copy documents that can be accurately represented in black and white shall be scanned or converted to PDF files. All images shall be scanned or converted without visual degradation, to the extent practicable, so that the PDF document contains the full and complete information contained on the original document. As explained in paragraph (2)(a)(3), below, each document shall be saved as a separate PDF file. Photographs, color brochures, or other like documents that cannot be accurately represented in PDF documents

2

shall be scanned or converted to JPEG files using a high quality setting. The parties will honor reasonable requests for either the production of the original document for inspection and copying or production of any color image of the document, thing or ESI. All JPEG files shall be saved in a directory named IMAGES on the Production Media.

2. <u>Bates Numbering</u>. The Parties agree to produce all PDF documents with a legible, unique page identifier ("Bates Number") in the lower right hand corner of each page or at a location that does not obliterate, conceal, or interfere with any information from the source document. When loaded onto the Production Media, documents shall be named [first Bates Number of the document].pdf or [Bates Number].jpg.

3. <u>Document Unitization</u>. To the extent possible, the Parties will apply the following unitization practices: Each page of a hard copy document shall be converted to a PDF and if a document is more than one page, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the PDF file. For documents that contain fixed notes, (*e.g.*, post-it notes), the pages will be scanned both with and without the notes and those pages will be treated as part of the same document. The relationship of documents in a document collection (*e.g.*, cover letter and enclosures, email and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process. Related documents (e.g., cover letter and enclosures) shall be Bates Numbered consecutively.

**Electronically Stored Information**

1.  <u>Format for Production of Electronic Documents:</u> The parties agree that documents and things containing electronically stored information shall be produced in their native format.

    i.  E-mail will be produced as .MSG files with related searchable text and metadata (to the extent it exists).

    ii. All spreadsheets, *e.g.*, Excel or Quattropro, should be produced only in native format with related searchable text and metadata (to the extent it exists).

    iii. All presentations, *e.g.*, Powerpoint, should be produced only in native format with related searchable text and metadata (to the extent it exists).

    iv. The parties will meet and confer regarding the production of video, audio and any proprietary file formats (non-Microsoft or Corel Suite compatible files).

    v.  The parties will meet and confer regarding the production of databases.

    vi. Other electronic documents not specifically discussed elsewhere will be produced in their native format with related searchable text and metadata (to the extent it exists).

    vii. In the event that a Party needs to redact a portion of a document for which only a native file is produced, *e.g.*, Excel and PowerPoint, the Parties will meet and confer regarding production of the redacted document.

4

Encryption or password protection of any file is to be removed or the passwords provided. If software is required to open encrypted files, the Party producing the encrypted files must provide the software

2. <u>Production Media</u>. The Parties agree to produce documents on CD-ROM, DVD, or external hard drive, (the "Production Media"), depending on the volume of the production. Each piece of Production Media shall identify a production number corresponding to the production "wave" and a number of the volume of material in the wave. For example, if the first production wave by a Party comprises documents on three hard drives, the Party shall label each hard drive in the following manner in numeric sequence: "001.001"; "001.002"; "001.003." If the second production comprises three DVDs, the Party shall label each DVD in the following manner in numeric sequence: "002.001"; 002.002"; "002.003." Additional information that shall be identified on the physical Production Media includes: (1) the case number, (2) the producing party's name, and (3) the production date. The type of materials on the media (*e.g.*, "Documents", "OCR Text", etc.) and the Bates Number range(s) of the materials on the Production Media shall also be contained on the Production Media, or where not practicable to do so, may be provided in an accompanying letter.

3. <u>Search Process and Criteria</u>. If a request for production involves search of ESI, the Parties agree to meet and confer regarding the search, including the producing party's technological search capability and the most effective means of defining search criteria, such as date ranges, custodians, key words, etc. Parties' meet and confer within one week of the date the request is issued. Within one week of the meet and confer, the

requesting party shall propose a search process and criteria to the producing party. The Parties agree that the use of the agreed-on search process or criteria for a certain request for production shall not be construed as a waiver of any Party's right to request subsequent searches and productions. The Parties further agree that the agreed on search process does not alter the timing of responding to discovery requests established in the FRCP. Documents identified by search terms may be reviewed for privilege, confidentiality, relevance, or responsiveness prior to production.

3) **Preservation Not Required for Certain Documents, Things, and ESI**

    a. ESI:

        i. The Parties need not preserve, continue to preserve, or provide a privilege log for the following categories of ESI:

           a. Voicemail messages;

           b. Electronic mail, SMS messages or "pin to pin" messages sent to or from a Personal Digital Assistant (*e.g.* Blackberry Handheld) provided that a copy of electronic messages is saved in another reasonably accessible location;

           c. Other electronic data stored on a Personal Digital Assistant, such as calendar or contact data or notes, provided that a copy of such information is saved in another reasonably accessible location;

           d. Logs of calls made to or from cellular phones;

6

e. Temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

f. Server, system, or network logs;

g. Data from photocopiers or fax machines;

h. Autosaved copies of electronic documents;

i. Delivery or read receipts of electronic mail;

j. Duplicate copies of an electronic message sent to multiple recipients so long as the copy retained accurately reflects all recipients of the email and the entire contents of the email, including all attachments.

ii. <u>Electronic Back-up Systems</u>. Unless specifically requested by a Party, potentially relevant ESI, as that term is defined in Rule 26 of the FRCP, need not be preserved or described on a privilege log if:

a. It is stored in any electronic backup system for the purpose of system recovery or information restoration, including but not limited to, system recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows; and

b. It is routinely purged, overwritten or otherwise made not reasonably accessible in accordance with an established, documented, and routine system maintenance policy; and

c. It has been preserved on other, accessible electronic media.

7

b. <u>Documents Created by, and Exchanged Solely Between and Among, Counsel for the Respective Parties</u>. The Parties agree that, for purposes of this litigation, the Parties need not preserve, produce, or create a privilege log for any document, including Draft Documents, as defined in paragraph 1(b), that were created by, and exchanged solely among: 1) attorneys or staff within the United States Department of Justice or other federal government agencies; or 2) attorneys or staff of the Turrentine Law Firm, the office of the Alamance County Attorney, or Alamance County agencies.

c. <u>Trial-Preparation Protection for Communication Between a Party's Attorney and Expert Witness</u>. Communication between a Party's attorney and any witness required to provide a report under Rule 26(a)(2)(B) of the FRCP shall be protected from disclosure and shall not be produced in discovery regardless of the form of the communication, nor shall a privilege log be produced for such communications, except to the extent that the communications:

    i. Relate to compensation for the expert's study or testimony; or

    ii. Identify facts or data that the Party's attorney provided and that the expert considered in forming the opinions to be expressed; or

    iii. Identify assumptions that the Party's attorney provided and that the expert relied on in forming opinions to be expressed.

d. <u>No Discovery of Material Not Required To Be Preserved</u>. The Parties agree not to seek discovery of documents, things, and ESI that need not be preserved pursuant to paragraph 3. If any discovery request is susceptible of a construction which calls for the

8

production of ESI that need not be preserved pursuant to paragraph 3, such items need not be provided or identified on a privilege log pursuant to Rule 26(b)(5) of the FRCP.

4) **Other Preservation Obligations Not Affected**. This Stipulation and Order in no way modifies any of the Parties' obligations to maintain and preserve documents, things, and ESI where required by law or as a result of litigation or anticipated litigation in this case or in any other matter except for the exemptions delineated in paragraph 3. Also, nothing in this Stipulation and Order shall affect any other obligations of the Parties to preserve documents, things, and ESI for other purposes, such as pursuant to court order, administrative order, statute, or in response to other anticipated litigation.

5) **Preservation Does Not Affect Discoverability or Claims of Privilege**. The Parties agree that by preserving documents, things, and ESI for the purpose of this litigation, they are not conceding that such material is discoverable, nor are they waiving any claim of privilege. Except as otherwise provided in paragraph 3, nothing in this Stipulation and Order shall alter the responsibilities or obligations of the Parties to provide a privilege log for material withheld under a claim of privilege.

6) **Privilege Logs**. The Parties agree that for each document, thing, or ESI withheld based on an asserted claim of privilege, the Party asserting the privilege must produce a privilege log pursuant to Rule 26(b)(5)(a) of the FRCP, except as provided in paragraph 3. The privilege log must contain the Bates Number (or, if a document is to be produced in native format without a Bates Number, an indication of the number of pages in the document), the type of document or ESI, whether the document or ESI contains any attachments, the date, authors, recipients, copyees, privilege(s) claimed, the title of the

9

document or ESI, the purpose of the document or ESI, and the basis for the claimed privileges or protections with information sufficient to establish the elements of each asserted privilege. An embedded email should be separately identified and logged. E-mail attachments should be identified as attachments and separately logged.

7) **Inadvertent Production of Documents and Clawback**:

    a. The Parties agree that a disclosure of communications, documents, things, and ESI covered by the attorney-client privilege, work product protection or governmental privileges does not operate as a waiver in this proceeding if:

        i. The disclosure is inadvertent and is made in connection with this litigation or the underlying investigation; and

        ii. The holder of the privilege or protection took reasonable precautions to prevent disclosure and took reasonably prompt measures, once the holder knew or should have known of the disclosure, to rectify the error.

    b. Any Party receiving material it believes may have been inadvertently produced that includes privileged or protected information shall promptly notify the producing Party. Within 14 days after such notification, the producing Party may request in writing that such materials be returned or destroyed. Upon such written request, and except in the event that the requesting Party disputes the claim of privilege or protection, any materials which the producing Party deems to contain inadvertently disclosed materials shall be promptly returned to the producing Party or destroyed at the producing Party's option. This includes

all copies, electronic or otherwise, of any such materials and the Parties agree that no further copies of the inadvertently disclosed materials will be made.

If privileged or protected information is contained within an item of otherwise discoverable material, the Parties recognize that the requesting Party may not be able to destroy only the portion of the item of the disclosed material that is privileged or protected; instead, the requesting Party may need to destroy the privileged or protected information along with all of the otherwise discoverable material within that item. Whenever that is the case, the producing Party, within 14 days of notification of the inadvertent disclosure, shall provide the requesting Party with a replacement copy of the item materials that are not privileged or protected and are otherwise discoverable.

In the event that the requesting Party disputes the producing Party's assertions with respect to the inadvertently disclosed material, such material shall be sequestered and retained by and under the control of the requesting Party for the purpose of seeking determination of the issue from the Court. If the Court determines that privilege or protection has been waived and/or that the inadvertently disclosed material is not subject to any applicable privilege or protection, the requesting Party may use the material for any purposes otherwise permitted by law or rule. If the Court determines that the inadvertently disclosed material is subject to an applicable privilege or protection, the requesting Party must return or destroy the materials at issue as provided above.

If the producing Party does not request the return or destruction of material within 14 days of notification by the receiving Party of the receipt of material it believes was

inadvertently produced, the producing Party waives any claim of privilege or protection as to the material.

8) **Duty to supplement discovery responses.** Parties must supplement their disclosures in a timely manner, if the Party learns that the disclosure was materially incorrect or incomplete. Supplementation must be made at appropriate intervals during discovery and with special promptness as the trial date approaches.

9) **Costs of Document Production.** Each Party shall bear the costs of producing its own documents, things, and ESI.

10) **Requirement to Confer.** Before filing any motion regarding the terms of this Stipulation and Order, compliance with this Stipulation and Order or other discovery dispute, the Parties will confer in a good faith attempt to resolve such disputes.

11) **Miscellaneous:**

    a. The Stipulation may be executed in counterparts.

    b. The Effective Date of this Stipulation shall be the date on which the Stipulation is executed by all the Parties.

    c. This Stipulation may not be enlarged, modified or altered except in a writing signed by each Party.

    d. None of the meet and confer provisions of this Stipulation shall be construed to extend the time within which a Party must respond to a discovery request; rather, such time frames shall be governed by the FRCP

e. The terms of this Stipulation and Order are not exhaustive. Each Party reserves the right to subsequently request a meet and confer to address any matters concerning discovery in this litigation which has not been addressed herein.

Agreed to by counsel for the Parties:

For the United States:

/s/ Samantha K. Trepel
SAMANTHA K. TREPEL
DC Bar Number: 992377

/s/ Michael J. Songer
MICHAEL J. SONGER
DC Bar Number: 975029
Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
Tel: (202) 514-6255
Fax: (202) 514-4883
samantha.trepel@usdoj.gov
michael.songer@usodj.gov

For Defendant Alamance County Sheriff:

/s/ S.C. Kitchen
S.C. Kitchen
N.C. Bar No. 9309
920-B Paverstone Dr
Raleigh, NC 27615
Tel. (888) 308-3708
ckitchen@turrentinelaw.com

SO ORDERED, this the 25th day of March, 2013.

_____
United States Magistrate Judge

13

Case 1:12-cv-01349-TDS-JLW   Document 16   Filed 03/25/13   Page 13 of 13