IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

United States of America,

    Plaintiff;

v.

Terry S. Johnson, in his official capacity as Alamance County Sheriff,

    Defendant.

1:12-cv-1349

## JOINT CONFIDENTIALITY AND PROTECTIVE ORDER

It appearing that the parties have stipulated that discovery and proceedings in the above-captioned action may require the disclosure of information, documents, and/or testimony that may constitute or contain confidential information; and

It further appearing that the parties desire to facilitate the exchange of confidential information between the parties and to protect such confidential information from unauthorized or inappropriate disclosure;

**IT IS HEREBY ORDERED**, pursuant to Federal Rule of Civil Procedure 26(c), and with the consent of the parties, that such confidential information disclosed during discovery shall be governed by the Joint Confidentiality and Protective Order ("Order") as follows:

    **1.**     **Definitions.** The following definitions shall apply throughout this Order:

(a) **Designate.** When used in this Order, the term "designate" means to identify, mark, or label information as "Confidential" pursuant to this Order.

(b) **Disclose.** When used in this Order, the term "disclose" means, without limitation, to produce, divulge, reveal, describe, transmit, copy, or otherwise communicate, in whole or in part.

(c) **Information.** When used in this Order, the term "information" includes documents, tangible things, electronic data, pleadings, exhibits, interrogatory responses, testimony, collections or groupings of information, and all other materials and information disclosed or obtained through formal or informal discovery.

(d) **Personally Identifiable and Confidential Information.** When used in this Order, "Personally Identifiable Information" and/or "Confidential Information" includes information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information that is linked or linkable to a specific individual, and information that can be used to identify an individual as an informant in this matter. Such information may include records maintained by a law enforcement agency or other governmental agency about an individual's medical or employment history that contain the individual's name, social security number, birth date, home or cellular telephone number, home address, or information relating to an individual's education, financial transactions, medical history, employment history, or immigration status, except as contained in ACSO's records or is produced in the regular course of ACSO business.

2. **Information That May Be Designated Confidential.** A producing party may designate as "Confidential" any information that it has in good faith determined constitutes or contains Personally Identifiable and/or Confidential Information, and/or information that is subject to protection under the Privacy Act of 1974, 5 U.S.C. § 552a, or other applicable federal and/or state law.

3. **Designation of Information as Confidential.** A producing party may designate information as "Confidential" for purposes of this Order in the following manner:

2

(a) All ACSO files and documents containing Personally Identifiable Information, and any other documents containing Personally Identifiable Information, shall be <u>automatically</u> treated as information designated as "Confidential" in accordance with the terms of this Order, regardless of whether the documents have been designated as "Confidential" by the producing party.

(b) Documents or other materials (apart from depositions or other testimony), may be designated by affixing, writing, typing, or placing the word "Confidential" on each page containing any Personally Identifiable and/or Confidential Information. The failure to designate a document as "Confidential" does not constitute a waiver of such claim, although the other party may still dispute the confidential designation under the procedure provided for in this Order. If a party produces a document without designating it as "Confidential," but later determines that the document should be so designated, the party may designate the document as "Confidential" by notifying the receiving party in writing, with the effect that such document shall be treated in all respects as information designated as "Confidential" and shall be subject to the protections of this Order from the date of such written designation.

(c) Depositions or other testimony may be designated by (1) a statement on the record, by counsel, at the time of such disclosure or (2) written notice, sent by counsel to counsel for the opposing party within ten business days after receiving a copy of the transcript thereof. In both of the foregoing instances, counsel shall affix, write, type, or place the word "Confidential" on each page containing any Personally Identifiable and/or Confidential Information. The failure to designate a page of the transcript (or the information contained therein) as "Confidential" does not constitute a waiver of such claim, and a producing party may so designate a page after the transcript has been received by notifying the receiving party of such designation in writing, with the effect that such page (and the information contained therein) shall be treated in all respects as information designated as "Confidential" and shall be subject to the protections of this Order from the date of such written designation.

**4.     Persons to Whom Confidential Information May Be Disclosed.**

Information designated as "Confidential" may be revealed, disclosed, or made available for inspection or copying under the terms of this Order, or as required to be disclosed by law or further Court order, only to the following persons:

(a) the receiving party and consultants under contract to the receiving party who need to receive such information in order to assist the receiving party with the prosecution or defense of these actions, provided that such persons execute the Confidentiality Agreement attached hereto as Exhibit A;

(b) counsel for the receiving party, and such counsel's respective staff, law clerks, partners, associates, paralegals, secretaries, stenographic and support personnel, and other employees;

(c) the Court and its staff, law clerks, secretaries, stenographic and support personnel, and other employees;

(d) any person whose testimony may or will be given at a deposition or hearing (and his or her counsel, if any) and who is not covered by section (a) of this paragraph, where the information disclosed to that person is related to the questions asked or to the testimony of such person, provided that such person executes the Confidentiality Agreement attached hereto as Exhibit A;

(e) experts and consultants retained or used by any party for the preparation, prosecution, or defense of the actions, provided that such expert or consultant execute the Confidentiality Agreement attached hereto as Exhibit A; and

(f) any other person upon order of the Court or agreement of the parties.

5. **Limited Use of Confidential Information.** All parties and their counsel agree that neither they nor their respective staffs, law clerks, associates, paralegals, secretaries, stenographic and support personnel, or other employees will use or disclose any Personally Identifiable and/or Confidential Information for any purpose unrelated to litigation of these actions. However, nothing in this Order shall be construed to restrict the parties' or their counsel's use of Personally Identifiable and/or Confidential Information in the normal course of business, for example, for the purposes of responding to calls for

4

service, or as otherwise permitted pursuant to the Privacy Act of 1974 or other federal law.

6. **Precautions Against Unauthorized Use and Disclosure.** All persons to whom information designated as "Confidential" is disclosed shall hold such information in the strictest confidence and take precautions to prevent the disclosure or use of such information other than as authorized by this Order.

7. **Copies of Confidential Information.** No summary or copy of any information designated as "Confidential" shall be made by any person, other than at the express direction of a party or party's counsel. Any such summary or copy that contains information designated as "Confidential" shall be subject to the terms of this Confidentiality and Protective Order to the same extent as the information from which the summary or copy was made.

8. **Filing of Confidential Information With the Court Under Seal.** No information designated as "Confidential" in accordance with the terms of this Order shall be filed in the public record of these actions. All such information, and any pleadings, motions, or other papers filed with the Court disclosing such information, shall be filed under seal using the CM/ECF filing system, or the party shall file a redacted copy of the information for the public record in accordance with Fed. R. Civ. P. 5.2.

9. **Order Subject to Modification.** Nothing in this Order limits the parties' right to seek modification of this Order or to apply for additional protective orders as may become necessary due to a change in circumstances or for other good cause shown. The parties may modify this Order at any time by an agreement in writing, signed by all counsel

of record.  Any such modification made while the actions are ongoing shall be put in the form of an order modifying this Order and shall become effective upon the date on which it is entered by the Court.

**10.     Disputes Relating to "Confidential" Designation**.  If a party disputes another party's designation of information as "Confidential," the parties shall confer in an attempt to resolve the dispute prior to seeking any relief from the Court.  If the parties are unable to resolve the dispute among themselves, any party may seek relief from the Court.  Any information that is the subject of such dispute shall be kept confidential pursuant to the terms of the Order unless and until the Court resolves the disagreement regarding the designation.

**11.     Duration of Order.**  After final disposition of these actions, by judgment, settlement, or otherwise, including any appeals, the terms and conditions of this Order shall survive and remain binding and in full force and effect, unless and until otherwise agreed in writing by the parties or ordered by the Court.

SO ORDERED:

Date: April 23, 2013

_____
**Joe L. Webster**
**United States Magistrate Judge**

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

United States of America,

        Plaintiff;

v.

Terry S. Johnson, in his official capacity
as Alamance County Sheriff,

        Defendant.

No. 1:12-cv-1349

## CONFIDENTIALITY AGREEMENT

The undersigned, having read and understood the Joint Confidentiality and Protective Order entered in the above-captioned matter on _____, 2013 (hereinafter, the "Protective Order"), which governs the disclosure of all documents and information designated as "Confidential," hereby agrees to abide by and be bound by the terms of the Protective Order.

The undersigned acknowledges that no person to whom information designated as "Confidential" is disclosed shall intimidate, threaten, coerce, discriminate, or retaliate against any individual on the basis of the information disclosed, or because the individual made a complaint, testified, assisted, or participated in any manner in the investigation or litigation of the above-captioned action. Nothing in this provision is intended to alter the standards of any liability or culpability of existing witness obstruction/retaliation law.

For the purpose of enforcing the terms of the Protective Order, the undersigned hereby submits himself/herself to the jurisdiction of the U.S. District Court for the Middle District of North Carolina.

Dated: _____

_____        _____

Name (Print)                            Signature