UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
File No. 1:12-CV-1349

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>TERRY S. JOHNSON, in his official )<br>capacity as Alamance County Sheriff, )<br>　　　　Defendant. ) | BRIEF IN SUPPORT OF<br>MOTION TO COMPEL<br>DISCOVERY |

_____

Defendant, Terry S. Johnson, in his official capacity as Alamance County Sheriff, has moved for a Motion to Compel Discovery pursuant to Rule 37(d) of the Federal Rules of Civil Procedure and LR 37.1 and files this Brief in support thereof .

STATEMENT OF THE NATURE OF THE MATTER

This is an action brought by the United States of America seeking declaratory and injunctive relief under Section 14141 of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, filed on December 20, 2012.  (Comp. ¶ 1).  The Complaint alleges that the Defendant and his department unlawfully discriminate against Latinos in Alamance County by targeting them for investigation, detention, and arrest. (Comp. ¶ 3).  Plaintiff alleges that the discriminatory policing activities of the Defendant date to at least January 2007.  (Comp. ¶ 23).  Along with other allegations, the Plaintiff alleges that the Defendant discriminates against Latinos by automatically referring them to ICE Investigators at the Alamance County Jail.  (Comp. ¶'s 47-51).  The Defendant has

filed an Answer [Doc. # 6] to the Complaint.

A Joint Rule 26(f) Report has been filed by the parties [Doc. # 8], and an Order Approving Joint Rule 26(f) Report has been entered [Doc. # 9]. Further, a Stipulation and Order Regarding Discovery has been entered by the Court [Doc. # 16]. In addition, a Joint Confidentiality and Protective Order has been entered by the Court [Doc. # 18].

## STATEMENT OF THE FACTS

The parties have begun discovery pursuant to the Joint Rule 26(f) Report and Order approving the Report. The Defendant sent a First Set of Interrogatories to the Plaintiff on March 21, 2012. (Attached to Motion to Compel.) The Plaintiff filed a response to the interrogatories on April 24, 2013. (Attached to Motion to Compel.) In the Response the Plaintiff did not adequately respond to Interrogatories numbered 14, 15, and 16. The Plaintiff has claimed an Informant's Privilege as to each of the interrogatories. The parties held a LR 37.1 telephone conference on May 2, 2013. Following the conference, the Plaintiff supplemented its answer to Interrogatory number 16. (Attached to Motion to Compel.) The Plaintiff in its supplement continues to claim an Informant's Privilege and refuses to provide the information requested in the interrogatory.

## QUESTIONS PRESENTED

I. DOES THE INFORMANT PRIVILEGE PROTECT THE UNITED STATES FROM BEING REQUIRED TO ANSWER INTERROGATORIES?

II. SHOULD THE UNITED STATES BE REQUIRED TO ANSWER THE INTERROGATORIES OF THE DEFENDANT?

ARGUMENT

I. The informant privilege does not protect the United States from being required to answer interrogatories.

The Plaintiff, United States of America, has refused to adequately answer three of the Interrogatories propounded by the Defendant on the ground that it is not required to produce the discovery information due to the Informant Privilege. The burden to establish that a privilege applies is on the party invoking the privilege. *U.S. v. Bornstein,* 977 F.2d 112, 116 (4th Cir. 1992). The three interrogatories read as follows:

14. Identify the location, deputy, and persons stopped at the traffic stop, as alleged in Paragraph 33(a) of the Complaint, where a deputy told a Latina passenger, "Mexican go home!"

15. Identify the deputy and the parents where the deputy allegedly told the parents to fix a window, "or we're going to come back and deport you all", as alleged in Paragraph 33(c) of the Complaint.

16. Identify each occasion by date, location, and persons present that an Alamance County detention officer used the terms "wetback" and "spic" to refer to Latino individuals in custody as alleged in paragraph 33(d) of the Complaint.

It should initially be noted that the Defendant did not request the identity of any confidential informants. The three interrogatories simply seek to ascertain the persons present, and in two of the interrogatories, the specific date of allegations made in

Plaintiff's Complaint. The Defendant would not even be aware that there had been a confidential informant except that the Plaintiff has indicated in its response to the interrogatories that a confidential informant is the source of the information in the Complaint.

It should also be noted that there is a confidentiality order in place to protect any confidential information disclosed in interrogatories. Only the Defendant and his attorneys would be privy to the information.

Moreover, Rule 501 of the Federal Rules of Evidence governs privileges. The Rule states in pertinent part:

> The common law – as interpreted by United States courts in light of reason and experience – governs a claim of privilege ...

The Fourth Circuit has considered the Informant's Privilege in civil cases in *U.S. v. Hemphill,* 369 F.2d 539 (4th Cir. 1966). In that case, the United States refused to answer interrogatories based on the Informant's Privilege. The Fourth Circuit rejected the claim of the United States and stated that:

> [W]hen the United States, a cabinet official, or an agency of the United States comes into the Court as a plaintiff, they are subject to the same rules as private litigants, and the open disclosure which is now demanded of litigants in the federal courts, because of its fairness and its contribution to accuracy in the factfinding process, is equally demanded of such plaintiffs.

*Id.* at 542. *In accord, Brown v. U.S.,* 58 F.R.D. 599 (D.S.C. 1973) (quoting *Hemphill*).

The Fourth Circuit in *Hemphill* went on to find that all the relevant information

had already been furnished to the Defendant and no further action was necessary. In the case at bar, the Defendant is left in a situation where the Plaintiff has made allegations in its Complaint, but the Defendant is unable to find out who the deputies were who allegedly violated someone's rights, is unable to determine whose rights were allegedly violated, or when the violations allegedly occurred. In short, the Defendant is totally unable to investigate the allegations of the Plaintiff in any meaningful way or to prepare his defense to these allegations.

An Informant's Privilege cannot be used in a civil case in the Fourth Circuit to avoid answering interrogatories where the United States is the plaintiff. This is the established common law in this circuit as stated in *Hemphill*.

II. The United States should be required to answer the interrogatories of the Defendant.

A. Scope of Discovery.

This Court has considered the proper scope of discovery. In *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 238-39 (M.D.N.C. 2010), the Court stated:

> "The purpose of discovery is to provide a mechanism for making relevant information available to the litigants." Fed.R.Civ.P. 26 advisory committee's notes, 1983 Amendment. Accordingly, under the Federal Rules of Civil Procedure (the "Rules"), "[u]nless otherwise limited by court order, ... [p]arties may obtain discovery regarding any nonprivileged matter that is *relevant to* any party's claim or defense ...." Fed.R.Civ.P. 26(b)(1) (emphasis added). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Each of the three interrogatories which the United States has failed to answer is directly relevant to the case at hand. In fact, each of the three interrogatories directly correspond to allegations made by the United States in the Complaint. Interrogatories numbered 14, 15, and 16 relate directly to the allegations in Paragraphs 33 (a), (c), and (d) respectively. As noted above, not only is the information sought relevant, without this information, the Defendant is unable to prepare a defense to these allegations as deputies involved, the parties involved, and the date of the allegations are unknown. The Defendant does recognize that a type of answer was provided by the United States. In response to each interrogatory, the United States does say that the deputy who is involved in each allegation has information relevant to the answer. However, this answer is totally nonresponsive. Each interrogatory directed the United States is to identify the deputy involved, so information could be gathered from him or her. Without knowing the identity of the deputies involved, directing the Defendant to an unnamed deputy is nonsensical.

Further, as also noted above, the Defendant did not seek any privileged information, only the identity of the persons involved in the alleged incidents in order to prepare a defense. There can be little question that the interrogatories properly come within the scope of permissible discovery.

B. Boilerplate objections.

The United States responded to the Defendant's Interrogatories with eighteen

boilerplate objections which do not relate directly to any particular interrogatory. The Plaintiff also states five additional boilerplate objections in each of its responses to the individual interrogatories which are the subject of the Motion to Compel. The only particularized objection made by the Plaintiff is the Informant Privilege discussed above. This Court has previously held that boilerplate objections to discovery are invalid. When boilerplate objections are made in lieu of valid objections, any valid objections to discovery are waived. *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 247 (M.D.N.C. 2010). Therefore, these boilerplate objections by the United States do not provide a basis for refusing to answer the Interrogatories propounded by the Defendant.

## CONCLUSION

Based on the foregoing, the objections to the Interrogatories propounded by the Defendant have no merit. The Plaintiff should be properly ordered to fully answer the Interrogatories as requested by the Defendant's motion.

Respectfully submitted, this the 31st day of May, 2013.

Turrentine Law Firm, PLLC

by: /s/ S. C. Kitchen
S. C. Kitchen
NC Bar No. 9309
920-B Paverstone Dr.
Raleigh, NC 27615
Telephone: (888) 308-3708
Fax: (888) 308-3614
Email: ckitchen@turrentinelaw.com

CERTIFICATE OF SERVICE

I, S. C. Kitchen, hereby certify that on May 31, 2013, I filed this document with the U.S. District Court's electronic Filing (ECF) system, which will serve a copy by email to counsel, and further that for counsel who are not listed in the ECF system, I served a copy of the foregoing document on the counsel in this action by placing the same in the United States Mail, postage affixed:

Samantha K. Trepel
U. S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530
Email: samantha.trepel@usdoj.gov

This the 31st day of May, 2013.

Turrentine Law Firm, PLLC

by: /s/ S. C. Kitchen
S. C. Kitchen
NC Bar No. 9309
920-B Paverstone Dr.
Raleigh, NC 27615
Telephone: (888) 308-3708
Fax: (888) 308-3614
Email: ckitchen@turrentinelaw.com