IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff;<br><br>　v.<br><br>Terry Johnson, in his official capacity as Alamance County Sheriff,<br><br>　　　　　Defendant. | No. 12-cv-1349<br><br>UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

The United States respectfully asks the Court to deny Defendant's Motion to Compel, ECF No. 25. In response to Defendant's 17 interrogatories seeking the identities of potential witnesses, the United States withheld the names of only three individuals who particularly fear that Defendant will retaliate against them or their families for giving the Department of Justice ("DOJ") information about the Alamance County Sheriff's Office's ("ACSO") pattern of targeting Latinos with enforcement activities in violation of 42 U.S.C. § 14141 ("Section 14141). Preserving the confidentiality of informants is integral to DOJ's ability to enforce Section 14141 by gathering accurate information about law enforcement agencies. In this case, current and former ACSO officers and community members fear retaliation from the Defendant and agreed to speak with DOJ personnel only after taking elaborate steps to ensure their confidentiality. *See* Am. Compl. ¶ 50, *United States v. Alamance Cnty*, No. 11-cv-507 (M.D.N.C. 2011).

Despite precedent requiring the disclosure of informer identities only shortly before their appearances as trial witnesses, the United States has offered to furnish the identities of the informants sought by Defendant's interrogatories if those informants will testify at trial, and has committed to making such disclosures within the time prescribed for fact discovery in this case. The disclosure timetable the United States proposes is more generous than the established parameters of the informant privilege, which generally requires disclosure, if at all, only "shortly before and during the trial of an actual enforcement proceeding." *United States v. Hemphill*, 369 F.2d 539, 542 (4th Cir. 1966).

Absent any authority supporting Defendant's request for the immediate disclosure of the identities of informers who may never testify at trial, Defendant cannot overcome the presumption against disclosure in the face of the government's properly asserted informant's privilege. *See* Decl. of Deputy Assistant Attorney General Gregory B. Friel, attached as Exhibit A. Defendant has not cited any substantial need or prejudice sufficient to overcome the public's interest in protecting government informants against potential retaliation and promoting the important law enforcement objectives that have animated the informant privilege since its development in English common law. *See id; Dole v. Local 1942*, 870 F.2d 368, 372 (7th Cir. 1989) ("The party opposing the privilege may overcome it upon showing his need for the information outweighs the government's entitlement to the privilege."). Accordingly, this Court should deny Defendant's Motion to Compel.

## BACKGROUND

On August 14, 2012, the United States filed suit against Alamance County Sheriff Terry Johnson, alleging that ACSO engages in a pattern or practice of intentionally discriminatory policing that targets Latinos in Alamance County, in violation of 42 U.S.C. § 14141. The United States' Complaint alleges that Defendant Johnson uses derogatory terms to describe Latinos, and his office discriminates against Latinos through various law enforcement activities, including traffic stops, vehicle checkpoints, and jail booking procedures. *See* Compl., ECF No. 1, at ¶¶23-67). During the United States' investigation of these allegations, individuals in the community and ACSO personnel told the United States that they fear retaliation from Defendant Johnson for cooperating with the investigation. Several current or former ACSO officers agreed to meet with the United States only after taking elaborate measures to protect their confidentiality. *See* Menschel & Rodríguez Decl., *United States v. Alamance Cnty.*, No. 11-cv-507 (M.D.N.C.), ECF Nos. 19-31 & 19-32. Certain community members similarly expressed fear for the well-being and safety of their family members if ACSO knew their identities.

Discovery in this matter began earlier this year. The United States and Sheriff Johnson ("the Parties") reached a Rule 26(f) discovery agreement on January 30, 2013, ECF No. 8; agreed to a separate Stipulation and Order Regarding Discovery on March 15, 2013; ECF Nos. 14 and 16, and exchanged initial disclosures on March 7, 2013. The United States' Initial Disclosures explain that certain information in its possession was provided by individuals subject to the informant privilege. The United States revealed

3

the categories of such information, withheld the identity of the informants, and committed that "[t]o the extent necessary for case preparation, the United States will disclose [identity] subject to appropriate protective measures negotiated with Defendant's counsel." U.S. Initial Disclosures, Exhibit B, at 1-2. The Parties subsequently entered into a Joint Confidentiality and Protective Order, ECF No. 18, and counsel for the United States provided multiple assurances to Defendant's counsel that the United States will: (1) disclose the identity of any individual whom the United States will use as a witness in this matter; and (2) that disclosure will occur sufficiently in advance of trial to allow Defendant to depose the witness.

On March 21, 2013, Defendant Johnson propounded 24 interrogatories to the United States, *see* Exhibit C, and the United States provided a timely response on April 24, 2013, *see* Exhibit D and U.S. Supplemental Response, Exhibit E. The Parties agree that the United States fully responded to 21 of the 24 interrogatories. The United States provided the underlying information sought by Defendant for the remaining three interrogatories, but withheld the identity of individuals who provided the information pursuant to the informant privilege. Defendant objects to the United States' response to these three remaining interrogatories. Specifically, the United States withheld the following information sought by Defendant:

- Interrogatory 14: the identity of a Latina passenger told by an ACSO deputy during a traffic stop "Mexican go home";

4

- Interrogatory 15: the identities of Latino individuals whom an ACSO deputy instructed to fix a window, "or we're going to come back and deport you all"; and

- Interrogatory 16: the identity of the officer who informed the United States that ACSO detention officers "used the terms 'wetback' and 'spic' to refer to Latino individuals."

Both in its interrogatory responses and in subsequent conversations with Defendant's counsel, the United States reiterated that it will disclose the identities of any individuals covered by these interrogatories who will serve as witnesses in this case, and will do so in time for Defendant to depose the witnesses. Further, the United States advised Defendant that the individuals whose identities are currently withheld are unlikely to testify in this litigation. Nonetheless, Defendant demands that the United States disclose the identities of its informants immediately. *See generally*, Def's Mot. to Compel, ECF No. 25.

## ANALYSIS

The United States' decision to withhold the identities of informants during early stages of discovery fits within the established contours of the informant privilege. "The qualified privilege of withholding the names and statements of informants has been repeatedly and consistently upheld by the Courts." *Hemphill*, 369 F.2d at 542; *see also Hoffman v. Reali*, 973 F.2d 980, 987 (1st Cir. 1992) ("the state is normally entitled to refuse to disclose the identity of a person who has furnished information relating to an

5

investigation of a possible violation of law"); *Mitchell v. Roma*, 265 F.2d 633, 635 (3d Cir. 1959) ("The privilege for communications by informers to the government is well established and its soundness cannot be questioned.").

The informant privilege furthers the public interest in effective law enforcement, *Roviaro v. United States*, 353 U.S. 53, 59 (1957), and is premised upon "the common-sense notion that individuals who offer their assistance to a government investigation may later be targeted for reprisal from those upset by the investigation." *Dole*, 870 F.2d at 372; *see also* Deposition of ACSO officer                              ), June 17, 2013, at 195: 15-17 ("Q: Are people worried that if they say something that is perceived as hurtful to Sheriff Johnson that they could lose their jobs?  A:  I'm one of them."). Because of "the significant policy consideration behind the privilege," the United States is not required to show that "reprisal or retaliation is likely." *Id.*; *see also In re Search of 1638 E. 2nd Street*, 993 F.2d 773, 775 (10th Cir. 1993) (same); *cf. Brock v. On Shore Quality Control Specialists*, 811 F.2d 282, 284 (5th Cir. 1987) ("'[t]he purpose of allowing the informers privilege . . . is to make retaliation impossible'") (alteration in original).  Rather, the United States may assert the privilege "as of right." *Dole*, 870 F.2d at 372.

To assess privilege claims, courts balance the public interest in protecting informants from retaliation[1] and enforcing federal law against a defendant's need to

---

[1] Defendant does not contest that the individuals whose identities are withheld by the United States are proper subjects of the informant privilege.  Interrogatory 16 seeks the

prepare for trial. *Brock*, 811 F.2d at 283-84. Under this analysis, "the government's interest is more likely to prevail in civil cases . . . because the countervailing constitutional guarantees assured to criminal defendants are not present." *Elnashar v. Speedway SuperAmerica, LLC*, 484 F.3d 1046, 1053 (8th Cir. 2007); *see also In re Kleberg Cnty., Texas*, 86 F. App'x 29, 32 (5th Cir. 2004) (in civil cases "the privilege is stronger" because protections for criminal defendants "do not apply"); *In re Search of 1638 E. 2nd Street*, 993 F.2d at 775 (same); *Dole*, 870 F.2d at 372 (same).

Courts mediate these competing interests by requiring disclosure of informant identity, if at all, only during or shortly before trial. *See, e.g.*, *Hemphill*, 369 F.2d at 542 ("The qualified privilege must give way shortly before and during the trial of an actual enforcement proceeding to the extent that fairness requires . . . ."); *see also Wirtz v. B.A.C. Steel Prods., Inc.*, 312 F.2d 14, 16 (4th Cir. 1962) (holding that during discovery the government could refuse to answer interrogatories seeking the identity of informants who provided information about Fair Labor Standards Act violations); *United States v.*

---

identity of a current or former ACSO officer. The Fourth Circuit explained in *Wirth v. B.A.C. Steel Products* that employees are proper subjects of the informant privilege because "[t]he average employee . . . is keenly aware of his dependence upon his employer's good will . . . . Only by preserving . . . anonymity can the government obtain the information necessary" to enforce federal statutes. 312 F.2d 14, 16 (4th Cir. 1962). The informant privilege likewise protects the identities of the Latino individuals targeted by ACSO enforcement activities described by Interrogatories 14 and 15. *Cf. Roviaro*, 353 U.S. at 59 (informant privilege preserves anonymity for "citizens" with "knowledge" of wrongdoing). While the United States is not required to show that retaliation against its informants is likely, *see supra* at 4-5, ACSO officers have threatened the Latino individuals described by Interrogatories 15 and 16, including with threats of deportation. *See* Compl., ECF No. 1, at ¶ 33(b).

7

*Bond*, No. 10-cr-117, 2010 WL 6749142, at *3 (E.D. Wisc. Dec. 6, 2010) (disclosure of informants not required until 30 days prior to trial); *United States v. Lakin*, No. 3:07-cr-20068, 2007 WL 2554141, at *3 (S.D. Ill. Aug. 29, 2007) (ordering disclosure two to five days prior to trial). Early disclosure is disfavored in part because the government may elect not to rely on the informants at trial, rendering disclosure unnecessary. *See Mitchell*, 265 F.2d at 637. In *Mitchell*, the Third Circuit explained that the government "may rely on the defendants' books alone without using any of the 85 [informants] as witnesses, or it may use but one or two of them as witnesses, thus avoiding ultimate disclosure of the identity of some or all of the informers. Until such time, we can see no reason why the identity of the informers . . . is essential to ensure a fair trial." *Id*.

The informant disclosure schedule proposed by the United States here affords Defendant greater opportunity to prepare its defense than is required. While the authority discussed above generally shields informant identity from disclosure until at least the eve of trial, the United States has offered to disclose any testifying informants sought by Defendant's interrogatories within the time period for taking depositions in this case. That period currently ends on September 6, 2013 – nine months prior to the scheduled trial date of July 7, 2014. ECF No. 22. Under these circumstances, the public interest in protecting informants from retaliation and facilitating law enforcement outweighs any modest delay to Defendant's case preparation.

This principle applies with particular force here, where Defendant already possesses the information needed to prepare a defense. Indeed, Defendant possesses

8

nearly all of the information – including records of traffic stops and other enforcement activities – relevant to the United States' discriminatory policing allegations. In similar circumstances, the Fourth Circuit held that the informant privilege shielded federal attorneys from disclosing the identity of current and former employee informants where the allegations centered on records possessed by the defendant company. *B.A.C. Steel Prods.*, 312 F.2d at 16 ("The only information which the defendants did not have" was "which of the present and former employees had informed against them . . . . It is this very information which is protected under the 'informer's privilege.'"). Regardless, the United States has offered to disclose the information sought by Defendant's interrogatories earlier than is required, affording Defendant ample time to prepare its defense. Accordingly, this Court should deny Defendant's Motion to Compel.

\* \* \*

Defendant does not distinguish – or even acknowledge – most of the authority supporting the United States' proposed disclosure mechanism. Rather, Defendant asserts that (1) it "did not request the identity of any confidential informants," but rather merely sought "to ascertain the persons present" during certain incidents, Mot. to Compel at 3; and (2) there is no risk of retaliation because "only the Defendant and his attorneys would be privy to the information," Mot. to Compel at 4. These arguments are unavailing.

First, the information sought in Defendant's request is covered by the informant privilege because it would "tend to disclose" the identities of the United States' informants. *Hodgson*, 459 F.2d at 307 (government need not disclose which of its

9

witnesses had previously provided written statements because that would "allow the defendant to discover which of its employees had informed against it," and "this is the exact information that the privilege protects"). Here, Defendant's interrogatories seek the identity of persons present during certain incidents, including two law enforcement actions targeting Latino community members and ACSO officers transporting Latino detainees between the courthouse and the Alamance County Jail. For each of these incidents, the United States is not aware of the identities of any individuals who were present except for its informants. Consequently, disclosing the identities of these individuals would necessarily reveal the source of the United States' information. "It is this very information which is protected under the 'informer's privilege.'" *B.A.C. Steel Prods.*, 312 F.2d at 16. Likewise, given the information already in Defendant's position, revealing additional information, such as the location of the traffic stop in Interrogatory No. 14, would also reveal the identity of the informant.

Second, Defendant's contention that "only the Defendant and his attorneys" would know the identity of the United States' informants provides neither comfort to the informants nor a legal basis for compelling disclosure. Indeed, "the welfare of forthright citizens should not lie in the care of counsel neither known nor trusted by them." *Dole*, 870 F.2d at 375. Moreover, the United States' informants fear retaliation from the Defendant himself, who has the power to take adverse employment actions against them and order law enforcement operations targeting them. *See generally Dole*, 870 F.2d at 372 ("The threatened reprisal may be physical, but the privilege also recognizes the

10

subtler forms of retaliation such as blacklisting, economic duress and social ostracism."); *Mitchell*, 265 F.2d at 637 (federal government could refuse to answer interrogatories seeking informant identity because statutory prohibitions on retaliation provide "little comfort"); *see also* Tr. at 196: 1-2 (officers worried about retaliation because they "work for a man who has the authority to fire you because he don't like you"). Regardless, Defendant's argument furnishes no grounds to grant the Motion to Compel because the informant privilege does not require a showing that actual retaliation is likely to occur. *See supra* at 5.

## CONCLUSION

For the foregoing reasons, the United States respectfully asks this Court to deny Defendant's Motion to Compel.


Respectfully submitted,


JONATHAN M. SMITH
Chief
Special Litigation Section

AVNER M. SHAPIRO
DC Bar Number: 452475
Special Counsel
Civil Rights Division

*s/ Michael J. Songer*
MICHAEL J. SONGER
DC Bar Number: 975029
Attorney
United States Department of Justice

Civil Rights Division
950 Pennsylvania Avenue, N.W.
Washington, DC  20530
Tel: (202) 514-6255
Fax: (202) 514-4883
michael.songer@usodj.gov

Attorneys for the United States

## **CERTIFICATE OF SERVICE**

      I certify that the foregoing United States' Memorandum in Opposition to Defendant's Motion to Compel was served through the electronic filing service on July 1, 2013, to the following individual:

S.C. Kitchen
Turrentine Law Firm
920-B Paverstone Dr
Raleigh, NC  27615
ckitchen@turrentinelaw.com


Attorney for Defendant Sheriff Johnson


                                        *s/ Michael J. Songer*
                                        MICHAEL J. SONGER
                                        Attorney for the United States