UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
File No. 1:12-CV-1349

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | BRIEF IN SUPPORT OF |
| v. ) | MOTION FOR SANCTIONS |
| ) | |
| TERRY S. JOHNSON, in his official ) | |
| capacity as Alamance County Sheriff, ) | |
| Defendant. ) | |

_____

Defendant, Terry S. Johnson, in his official capacity as Alamance County Sheriff, has moved for a Motion for Sanctions pursuant to Rule 37(b)(2)(A)(ii) & (iii) of the Federal Rules of Civil Procedure and LR 37.1 and files this Brief in support thereof .

STATEMENT OF THE NATURE OF THE MATTER

This is an action brought by the United States of America seeking declaratory and injunctive relief under Section 14141 of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, filed on December 20, 2012. (Comp. ¶ 1). The Complaint alleges that the Defendant and his department unlawfully discriminate against Latinos in Alamance County by targeting them for investigation, detention, and arrest. (Comp. ¶ 3). Plaintiff alleges that the discriminatory policing activities of the Defendant date to at least January 2007. (Comp. ¶ 23). Along with other allegations, the Plaintiff alleges that the Defendant discriminates against Latinos by automatically referring them to ICE Investigators at the Alamance County Jail. (Comp. ¶'s 47-51). The Defendant has filed an Answer [Doc. # 6] to the Complaint.

A Joint Rule 26(f) Report has been filed by the parties [Doc. # 8], and an Order Approving Joint Rule 26(f) Report has been entered [Doc. # 9]. Further, a Stipulation and Order Regarding Discovery has been entered by the Court [Doc. # 16]. In addition, a Joint Confidentiality and Protective Order has been entered by the Court [Doc. # 18]. General discovery has been extended until October 4, 2013. [Doc. # 32].

Defendant filed a Motion to Compel Discovery [Doc. # 23]. Following briefing by both parties, the Honorable Joe L. Webster, United States Magistrate Judge, entered an Order which granted Defendant's Motion to Compel. [Doc. # 34]. Plaintiff has filed what appears to be objections to the Magistrate Judge's Order, which the Plaintiff labels as Motion of the United States for Reconsideration of the Magistrate's Order to Disclose Confidential Informants. [Doc. # 36]. Defendant filed a Response to the Plaintiff's Motion for Reconsideration. [Doc. # 38]. Defendant also filed exhibits under seal to its Response including the supplemental responses for the Plaintiff. [Doc. # 39].

Plaintiff also filed a Motion to Stay the Magistrate Judge's Order granting Defendant's Motion to Compel. [Doc. # 37]. The Defendant has filed a Response in Opposition to the Plaintiff's Motion to Stay. [Doc. # 43]. The Defendant now files a Motion for Sanctions for the failure of the Plaintiff to comply with the Magistrate Judge's Order granting Defendant's Motion to Compel.

## STATEMENT OF THE FACTS

The parties have begun discovery pursuant to the Joint Rule 26(f) Report and

Order approving the Report. The Defendant sent a First Set of Interrogatories to the Plaintiff on March 21, 2012. (Attached as Exhibit C to Plaintiff's Motion, Doc. # 36). The Plaintiff filed a response to the interrogatories on April 24, 2013. (Doc. # 39). In the Response the Plaintiff did not adequately respond to Interrogatories numbered 14, 15, and 16. The Plaintiff has claimed an Informant's Privilege as to each of the interrogatories. The parties held a LR 37.1 telephone conference on May 2, 2013. Following the conference, the Plaintiff supplemented its answer to Interrogatory number 16. (Exhibit B to Doc. # 39). The Plaintiff in its supplement continues to claim an Informant's Privilege and refuses to provide the information requested in the interrogatory. Following the entry of the Order to Compel, the Plaintiff filed another supplementary response to the Defendant's Interrogatories which also did not respond to the questions presented. (Exhibit C to Doc. # 39). Fact discovery ends on October 4, 2013.

QUESTION PRESENTED

SHOULD SANCTIONS BE IMPOSED AGAINST THE PLAINTIFF FOR ITS FAILURE TO COMPLY WITH THE MAGISTRATE JUDGE'S ORDER COMPELLING DISCOVERY?

ARGUMENT

A. Order is not stayed by appeal to District Court Judge.

This Court has previously considered the question as to whether an appeal of a Magistrate Judge's order stays an order compelling discovery. In *Viswanathan v. Scotland County Board of Education,* 165 F.R.D. 50, 53 n. 2 (M.D.N.C. 1995), this Court

held that the appeal of a discovery order entered by a Magistrate Judge did not "relieve her of her obligation to obey the magistrate's direct order". It should be noted that in *Viswanathan,* the party had moved for a stay of the discovery order just as the Plaintiff has done in this case. However, this did not excuse the noncompliance with the Magistrate Judge's order. In addition, this Court in its decision referenced the decision of *Constitution Bank v. Levine*, 151 F.R.D. 278, 279 (E.D.Pa.1993) ("The propriety of the discovery sought is not in issue at the time sanctions are being imposed under [Fed.R.Civ.P.] Rule 37(b).") (quoting 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2289, at 790–91 (1st ed. 1970); updated as 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure,* § 2289, at 670 (2d. ed. 1994)) (alteration in original).

The rationale for requiring discovery to proceed has been stated by the District Court in Colorado. In *White v. Burt Enterprises*, 200 F.R.D. 641, 642 (D. Colo. 2000), *quoting, National Excess Insurance Co. v. Civerolo, et al,* 139 F.R.D. 401 (D.N.M.1991), the Court stated:

> The court said:
>
> Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and the speedy resolution of pre-trial disputes which might interfere with an orderly discovery process. Ill-considered "strategic" objections to a magistrate judge's orders threaten to undermine these goals and do a disservice to the parties, who presumably are themselves primarily interested in a speedy resolution of their disputes.

-4-

The appeal of the Magistrate Judge's Order compelling discovery to the District Court Judge did not stay nor excuse compliance with the Order.

B. The Plaintiff, United States of America, has not complied with the Magistrate Judge's Order compelling discovery.

Contrary to the statements of the Plaintiff in its Motion to Stay [Doc. # 37], the supplemental response to Interrogatories 14 and 16 [Exhibit B to Doc. # 39], does not provide any information which is responsive to the two interrogatories. It should also be noted that there has been no response to Interrogatory number 15.

Interrogatory number 14 states:

14. Identify the location, deputy, and persons stopped at the traffic stop, as alleged in Paragraph 33(a) of the Complaint, where a deputy told a Latina passenger, "Mexican go home!"

In response to this interrogatory, Plaintiff has produced all the traffic stops for the month of April, 2010. This provides the Defendant absolutely no useful information to identify the traffic stop complained of in the Complaint. It does not identify the location, deputy, and persons stopped at the traffic stop as requested in the interrogatory.

Likewise, the information furnished in response to Interrogatory number 16 provides no useful information.

Interrogatory number 16 stated:

16. Identify each occasion by date, location, and persons present that an Alamance

-5-

County detention officer used the terms "wetback" and "spic" to refer to Latino individuals in custody as alleged in paragraph 33(d) of the Complaint.

The Plaintiff has, instead of identifying each occasion by date, location, and persons present that an Alamance County detention officer used the terms "wetback" and "spic", produced what appears to be a list of current and former officers who "have information regarding officers using the words 'wetback', 'spic', and other derogatory terms". The majority of these officers are not detention officers and do not work in the Jail. Some of the officers identified have been deposed by the Plaintiff, and have testified that they have not heard the terms "wetback" and "spic" used at the Sheriff's Office. *See,* exhibit of deposition testimony filed as Exhibit D to Doc. 39. Even if they had heard the terms used, the response does not identify the occasions that detention officers allegedly referred to inmates in the jail as "wetbacks" and "spics".

Plaintiff has not complied with the Magistrate Judge's Order compelling discovery, and is subject to sanctions as stated below.

C. Sanctions should be allowed as stated in the Defendant's Motion.

The Fourth Circuit Court of Appeals has set forth a four-part test which states:

> We have developed a four-part test for a district court to use when determining what sanctions to impose under Federal Rule of Civil Procedure 37. Specifically, "[t]he court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

*Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001), *cert. denied*, ___ U.S. ___, 122 S.Ct. 1538, 152 L.Ed.2d 465 (2002).

The Plaintiff has acted in bad faith. As shown above, the Plaintiff has made no serious attempt to comply with the Magistrate Judge's Order. Instead of complying, the Plaintiff has filed supplemental material to respond to two of the interrogatories which is utterly useless, and does not in any way answer the interrogatories numbered 14 and 16. As far as interrogatory number 15 is concerned, the Plaintiff does not even attempt to comply with the Court's order.

The noncompliance of the Plaintiff has caused prejudice to the Defendant. The prejudice caused to the Defendant is essentially the same as stated in *Viswanathan.* "Defendants have suffered a substantial amount of prejudice in the form of wasted time, attorneys' fees, and inability to obtain information necessary to prepare their defense." *Viswanathan*, at 53. Without knowing the basis of the allegations made in paragraph 33 of the Complaint, the Defendant is without information necessary to prepare a defense to these allegations.

There is a need for deterrence. Also as stated in *Viswanathan*, "It is important that litigants be deterred from flouting a magistrate judge's orders... Parties must follow discovery orders, even if they plan to appeal." *Id.*

Finally, there are no less drastic sanctions which would be effective. The Plaintiff had 21 days from the Order which was entered on July 30, 2013. [Doc. # 34]. Instead of

-7-

Case 1:12-cv-01349-TDS-JLW   Document 47   Filed 09/15/13   Page 7 of 9

properly complying with the Magistrate's Judge's Order, the Plaintiff has served specious responses which do nothing other than consume counsel's time in reviewing them. Fact discovery ends on October 4, 2013. At this point, the less drastic sanction is to strike the paragraph which is the subject of the discovery, and prevent any testimony relating to the allegations in paragraph 33 which is being sought by the Defendant. These sanctions are specifically permitted by Fed. R. Civ. P. 37(b)(2)(A)(ii) & (iii). The more drastic sanction would be to dismiss the action in its entirety.

## CONCLUSION

As shown above, the Motion of Defendant for Sanctions, filed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii) & (iii), should be allowed. The allegations contained in Paragraph 33 of the Complaint should be stricken, and the Plaintiff prohibited from supporting its allegations that Alamance County Sheriff's Office leadership encouraged discrimination by other Alamance County Sheriff's Office personnel and that racially or ethnically insensitive comments are commonly made by Alamance County Sheriff's Office deputies.

Respectfully submitted, this the 15th day of September, 2013.

                                      Turrentine Law Firm, PLLC

                                      by: /s/ S. C. Kitchen
                                      S. C. Kitchen
                                      NC Bar No. 9309
                                      920-B Paverstone Dr.
                                      Raleigh, NC 27615
                                      Telephone: (888) 308-3708
                                      Fax: (888) 308-3614
                                      Email: ckitchen@turrentinelaw.com

CERTIFICATE OF SERVICE

    I, S. C. Kitchen, hereby certify that on September 15, 2013, I filed this document with the U.S. District Court's electronic Filing (ECF) system, which will serve a copy by email to counsel, and further that for counsel who are not listed in the ECF system, I served a copy of the foregoing document on the counsel in this action by placing the same in the United States Mail, postage affixed:

    Michael Songer
    U. S. Department of Justice
    Civil Rights Division
    Special Litigation Section
    601 D Street NW
    Washington, DC 20579
    Email: michael.songer@usdoj.gov

    C. Amanda Martin
    1101 Haynes Street, Suite 100
    Raleigh, North Carolina 27604-1455
    Email: amartin@smvt.com

    This the 15th day of September, 2013.

    Turrentine Law Firm, PLLC

    by: /s/ S. C. Kitchen
    S. C. Kitchen
    NC Bar No. 9309
    920-B Paverstone Dr.
    Raleigh, NC 27615
    Telephone: (888) 308-3708
    Fax: (888) 308-3614
    Email: ckitchen@turrentinelaw.com