IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff;<br><br>v.<br><br>Terry Johnson, in his official capacity as Alamance County Sheriff,<br><br>              Defendant. | No. 12-cv-1349<br><br>UNITED STATES' REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE MAGISTRATE'S ORDER |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE MAGISTRATE'S ORDER**

    The United States properly invoked the informant privilege to shield the identity of informants sought by three of Defendant's twenty-four interrogatories. *See* Decl. of Deputy Assistant Attorney General Gregory Friel ("Friel Decl."), ECF No. 29-1. This privilege assertion does not compromise Defendant's case preparation because the United States has pledged not to use these informants as witnesses unless Defendant has an opportunity to take their depositions. Neither the Magistrate's Order, ECF No. 34, nor Defendant's Opposition to the Motion for Reconsideration ("Opposition"), identifies any need for disclosure of the United States' non-testifying informants.

    Absent such justification, Defendant cannot overcome the public policy favoring nondisclosure to "encourage person[s] to come forward with information that can aid effective law enforcement" and protect an informant from "those who may cause him harm." *United States v. Smith*, 780 F.2d 1102, 1107 (4th Cir. 1985) (en banc). This

1

principle resonates here, where numerous individuals have expressed fear of reprisal for providing information to the United States. For example:

- ❖ The Federal Bureau of Investigation ("FBI") recently opened a criminal investigation of a threat made to a former officer in the Alamance County Sheriff's Office ("ACSO") one week after he was identified as a witness in this case. *See* Decl. of Michael Songer, attached as Exhibit A.

- ❖ A public critic of Sheriff Johnson testified that: (1) Defendant stationed a patrol car outside her home for long periods of time, prompting her to sell her house and move out of Alamance County; and (2) the Alamance County Attorney intimidated her by trying to force her daughter's school to seize and turn over her daughter's personal computer. Deposition of [Redacted], attached as Exhibit B, at 77-78, 82.

- ❖ Numerous ACSO officers fear that Sheriff Johnson will fire them for cooperating with the United States. *See*, e.g., Deposition of [Officer 1], attached as Exhibit C, at 113 ("Q: Are you concerned that [] if your testimony hurts the Sheriff that he could fire you? A: That thought's always in the back of my mind . . . ."); Deposition of [Officer 2], attached as Exhibit D, at 123 ("Q: What do you think would happen to somebody who currently works at the sheriff's office if they were found out to be a leak? A: Their job would probably be in jeopardy."); Deposition of [Officer 3], attached as Exhibit E, at 60 ("Q: Are people scared of losing their jobs if they say something that hurts the Sheriff's Office? A: I think that's a

concern."); Deposition of [Officer 4], attached as Exhibit F, at 195 ("Q: Are people worried that if they say something that is perceived as hurtful to Sheriff Johnson that they could lose their jobs? A: I'm one of them.").

- ❖ ACSO deputies threatened to deport the informant sought by Defendant's Interrogatory 15. *See* Complaint, ECF No. 1, at ¶33(c).

While the United States is not required to demonstrate a likelihood of retaliation against its informants, *see, e.g.*, *In re Search of 1638 E. 2nd Street*, 993 F.2d 773, 775 (10th Cir. 1993) ("The government is entitled to assert the privilege without showing that reprisal or retaliation is likely."), the threat of reprisal here amplifies the principle that courts compel disclosure only where it is "essential" to case preparation. *Smith*, 780 F.2d at 1108. Defendant's Opposition and the Magistrate's Order fail to identify any such basis for compelling disclosure of the non-testifying informants sought by Defendant's interrogatories. Accordingly, the Order compelling their disclosure is contrary to law.[1]

## ANALYSIS

Disclosure of confidential informants is appropriate only where disclosure is "essential" to case preparation and outweighs the government's "dual interests" in gathering information and protecting informants from reprisal. *Smith*, 780 F.2d at 1107-08. Defendant must establish a specific need for disclosure that outweighs these interests. *See United States v. Blevins*, 960 F.2d 1252, 1259 (4th Cir. 1992) ("onus is on

---

[1] The United States filed a Motion for Reconsideration of the Magistrate's Order compelling disclosure of informants, ECF No. 34, and a timely Motion to Stay the Magistrate's Order, ECF No. 37. The Magistrate has not ruled on the Motion to Stay.

3

the defendant" to show that need for disclosure is "more than speculation"); 2 Weinstein's Evidence ¶ 510[06] (1991) ("The defendant must explain to the court as precisely as possible what testimony he thinks the informer could give and how this testimony would be relevant to a material issue of guilt or innocence.").

Defendant incorrectly asserts that the United States has the burden to establish the applicability of the informant privilege, Opp. at 8, by citing to the Fourth Circuit's decision in *United States v. Borenstein*, 977 F.2d 112, 116 (4th Cir. 1992). But *Borenstein* dealt only with attorney-client and work product privileges. *Id.* In the context of the informant privilege, it is well established that in cases brought by the United States, "the burden is on the defendant to establish that the *Roviaro* criteria [] counsel in favor of disclosure." *United States v. D'Anjou*, 16 F.3d 604, 609-10 (4th Cir. 1994); *Blevins*, 960 F.2d at 1259. Defendant has not carried this burden.

Indeed, the Magistrate's Order does not identify any reason why immediate disclosure of non-testifying informants is essential to Defendant's case preparation, let alone how that reason eclipses the government's interests. Defendant's Opposition likewise fails to identify any specific need for disclosure of non-testifying informants.[2]

---

[2] Further, the Magistrate's Order and Defendant's Opposition fail to articulate any reason why disclosure is required today – ten months before trial. In the civil context, even if disclosure is appropriate, courts require it only "shortly before and during the trial of an actual enforcement proceeding." *United States v. Hemphill*, 369 F.2d 539, 542 (4th Cir. 1966). Courts disfavor early disclosure in civil cases because the government may elect not to rely on the informants, rendering disclosure unnecessary. *Mitchell v. Roma*, 265 F.2d 633, 637 (3d Cir. 1959) (government may not use all informants as witnesses, "thus avoiding ultimate disclosure of the identity of some or all of the informers. Until such

Instead, Defendant advances several unsupported arguments, including that: (a) the informant privilege does not apply in civil cases; (b) disclosure is appropriate simply because the informants are "relevant" to the Complaint; (c) the United States' informants are the type of "participants" in unlawful conduct that may be disclosed in criminal cases; (d) the informants face no risk of retaliation; and (e) the United States is withholding information that is not protected by the informant privilege. These claims are unavailing.

## A. The Informant Privilege Applies with Greater Force in Civil Cases

Defendant first argues that the "informant privilege cannot be used in a civil case in the Fourth Circuit to avoid answering interrogatories." Opp. at 9. The sole authority Defendant cites for this proposition expressly rejects it. Opp. at 9 (citing *Hemphill*, 369 F.2d 539). In *Hemphill*, the United States Secretary of Labor asserted the informant privilege in civil litigation to justify the government's refusal to answer certain interrogatories, and the Fourth Circuit held that "the order requiring the Secretary to answer the interrogatories was improperly entered." *Hemphill*, 369 F.2d at 541. The court explained that "the qualified privilege of withholding the names and statements of informants has been repeatedly and consistently upheld by the Courts." *Id.* at 542; s*ee also Wirtz v. B.A.C. Steel Prods., Inc.*, 312 F.2d 14, 15-16 (4th Cir. 1966) (clear error to require the government to answer interrogatories seeking the identity of informants).

---

time, we can see no reason why the identity of the informers . . . is essential to ensure a fair trial.").

Indeed, the informant privilege applies with greater force in the civil context. Appellate courts have repeatedly affirmed that, when balancing the government's interest in protecting informants against a defendant's need to prepare its defense, "the government's interest is more likely to prevail in civil cases . . . because the countervailing constitutional guarantees assured to criminal defendants are not present." *Elnashar v. Speedway SuperAmerica, LLC*, 484 F.3d 1046, 1053 (8th Cir. 2007); *see also In re Kleberg Cnty., Texas*, 86 F. App'x 29, 32 (5th Cir. 2004) (same); *In re Search of 1638 E. 2nd Street*, 993 F.2d 773, 775 (10th Cir. 1993) (same); *United States v. One 1986 Chevrolet Van*, 927 F.3d 39, 43 (1st Cir. 1991) ("the privilege is less likely to yield in a civil case"). Accordingly, the United States properly invoked the informant privilege to shield the identity of its informants from Defendant's interrogatories.

### B. Defendant Cannot Overcome the Presumption Favoring Informant Confidentiality by Claiming that Informants Have "Relevant" Information

Defendant's Opposition and the Magistrate's Order assert that the United States' informants are "relevant" to the allegations in the United States' Complaint. *See* Order at 2-3; Opposition at 11. But relevance alone is not a basis for compelling disclosure. *Smith*, 780 F.2d at 1106-07. Absent a showing that the requested information is essential to case preparation and outweighs the government's interests, disclosure is improper – even where the "defendant may have no other means of determining what relevant information the informant possesses." *Id.* at 1108 (citing *United States. v. Valenzuela-Bernal*, 458 U.S. 858, 870-71 (1982)). Indeed, courts have repeatedly allowed the

informant privilege to shield relevant information in civil cases.  *See* Motion for Reconsideration, ECF No. 36, at 12-13.

To assess the need to disclose informants, courts consider "the possible significance of the informer's testimony."  *D'Anjou*, 16 F.3d at 609; *Smith*, 780 F.2d at 1108 ("one of the most important facts to be considered is the materiality of the evidence to the Defendant's particular defense.").  Here, the informants withheld by the United States can provide information relevant to only a small fraction of the incidents supporting the United States' pattern or practice claims.  Evidence supporting these claims includes:  testimony from dozens of witnesses; numerous statements from Sheriff Johnson and ACSO leadership; and analysis of thousands of traffic stops, vehicle checkpoints, drug interdiction operations, and jail bookings.  Moreover, the United States has repeatedly pledged not to rely on the informants sought by Defendant's interrogatories unless Defendant has an opportunity to take their depositions.  Consequently, the privilege assertion has no impact on Defendant's ability to prepare for the evidence that the United States will present at trial.

Nor is it relevant, as Defendant asserts, that the United States has not "agree[d] to strike the allegations" relating to the informants from its Complaint, Opp. at 9.  Defendant's Interrogatories 14, 15, and 16 seek the names of informants who provided information supporting Paragraph 33 of the Complaint, which alleges that "racially or ethnically insensitive comments are commonly made by ACSO deputies."  While the United States does not expect to rely on any of the informants sought by Defendant's

7

interrogatories to prove this allegation, Paragraph 33 is supported by significant evidence obtained during discovery. For example, a captain at ACSO testified that he circulated a video game to his subordinates that involved shooting "wetbacks" entering the United States, deposition of [Officer 5], attached as Exhibit G, at 61-67, and a former detention officer testified that he heard ACSO deputies refer to Latinos as "taco," "taco eaters," and "wetbacks." Deposition of [Officer 6], attached as Exhibit H, at 90-92.

### C. The United States' Informants are Not "Participants" in Defendant's Unlawful Activity

Defendant next argues that disclosure of non-testifying informants is appropriate because they constitute "participants" in wrongdoing rather than "mere tipsters" – a distinction drawn by certain courts to assess informants who provide information used in criminal prosecutions. This analogy fails because, unlike most criminal prosecutions, the United States' pattern or practice claim does not involve a single criminal act in which an informant could participate. Rather, the United States must prove a pattern of unlawful activity, and none of the United States' informants participated in a significant portion of that pattern. Indeed, the Defendant's citation to *United States v. Price*, 783 F.2d 1132 (4th Cir. 1986), demonstrates that the "participant" argument is inapt. Opp. at 10. *Price* explains that a criminal informant may be deemed a participant "where he helps set up the criminal occurrence." 783 F.3d at 1138. None of the informants withheld by the United States – an officer who overheard racial slurs, Latino parents threatened by an ACSO officer, or a Latino driver stopped by Sheriff's deputies – fit this definition.

8

Regardless, even in the criminal context, where the privilege is less robust, the Fourth Circuit has upheld nondisclosure where informants possessed evidence directly relevant to the underlying criminal act. In *United States v. Brinkman*, 739 F.2d 977, 979-80 (4th Cir. 1984), the Fourth Circuit held that the privilege shielded an informant in a criminal prosecution who met with the defendant to discuss hiring a hit man. While the informant was "more than a mere tipster" and had "two important discussions with Brinkman" about a hit man, the informant was not a party to the ultimate criminal act. *Id*. at 981. Similarly, in *D'Anjou*, the Fourth Circuit affirmed the nondisclosure of two informants mentioned in an affidavit forming the basis of a criminal narcotics complaint where the defendant "did not come forward with a specific need for [disclosure]." *D'Anjou*, 16 F.3d at 610.

The informants withheld by the United States here possess less relevant information than the informants protected in *D'Anjou* and *Brinkman*. And like the defendants in those cases, Sheriff Johnson has not articulated any specific need for the information. Accordingly, there is no basis for compelling disclosure.

### D. Nondisclosure is Necessary To Protect Informants From Retaliation

Defendant dismisses the threat of retaliation as "the irrational fears of a couple of deputies." Opp. at 12. This contention furnishes no legal basis to compel disclosure, as the United States may assert the privilege "as of right" without showing any likelihood of retaliation. *See*, e.g., *Dole*, 870 F.2d at 372; *In re Search of 1638 E. 2nd Street*, 993 F.2d at 775. Regardless, protecting informants from further retaliation is paramount here,

9

where numerous informants have expressed fears of reprisal. As explained above: one witness moved out of Alamance County after Defendant stationed a patrol car in front of her house and the Alamance County Attorney harassed her daughter, *supra* at 2; a second witness received a threatening card one week after the United States disclosed his name to Defendant, *supra* at 2; and numerous ACSO officers believe the Defendant will fire anyone cooperating with the United States, *supra* at 2-3.

Defendant's assertion that disclosure will not subject the United States' informants to deportation because Defendant no longer has access to the 287(g) program, Opp. at 12, is similarly unavailing. Law enforcement officials possess various means of intimidation other than deportation. Indeed, it is a "common-sense notion that individuals who offer their assistance to a government investigation may later be targeted for reprisal." *Dole*, 870 F.2d at 372.

### E. The United States Has Disclosed All Information Except the Names of Its Informants

Finally, Defendant claims that the United States is withholding information from its response to Interrogatory 15 in addition to the names of its informants.[3] Specifically, Defendant claims that he "has received no indication of when or where the alleged event took place," even though "the location of the alleged event . . . is exactly what is being requested in the interrogatory." Opp. at 7. This assertion is false. Interrogatory 15 does not seek any location information. Rather, it states in full: "Identify the deputy and the

---

[3] Defendant also objects to the responses to Interrogatories 14 and 16, but only Interrogatory 15 is at issue in the Motion for Reconsideration.

10

parents where the deputy allegedly told the parents to fix a window, 'or we're going to come back and deport you all,' as alleged in Paragraph 33(c) of the Complaint." *See* Def's Interrogatories, ECF No. 36-1. The United States is not aware of the identity of the deputy. The only information withheld is the name of the confidential informant – "It is this very information which is protected under the informer's privilege." *B.A.C. Steel*, 312 F.2d at 16.

## CONCLUSION

For the foregoing reasons, the United States respectfully asks this Court to reverse the Magistrate's Order.


Respectfully submitted,


ROY L. AUSTIN
Deputy Assistant Attorney General

JONATHAN M. SMITH
Chief
Special Litigation Section

AVNER M. SHAPIRO
DC Bar Number: 452475
Special Counsel

*s/ Michael J. Songer*
MICHAEL J. SONGER
DC Bar Number: 975029
Attorneys
United States Department of Justice
Civil Rights Division

950 Pennsylvania Avenue, N.W.
Washington, DC  20530
Tel: (202) 514-6255
Fax: (202) 514-4883
michael.songer@usodj.gov

Attorneys for the United States

## **CERTIFICATE OF SERVICE**

  I certify that the foregoing United States' Reply in Support of Its Motion for Reconsideration of the Magistrate's Order was served through the electronic filing service on September 17, 2013, to the following individual:

S.C. Kitchen
Turrentine Law Firm
920-B Paverstone Dr
Raleigh, NC 27615
ckitchen@turrentinelaw.com


Attorney for Defendant Sheriff Johnson


                *s/ Michael J. Songer*
                MICHAEL J. SONGER
                Attorney for the United States