UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
File No. 1:12-CV-1349

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>TERRY S. JOHNSON, in his official )<br>capacity as Alamance County Sheriff, )<br>        Defendant. ) | RESPONSE IN OPPOSITION TO<br>UNITED STATES' MOTION TO<br>SEAL |

_____

Defendant, Terry S. Johnson, in his official capacity as Alamance County Sheriff, responds in opposition to the Motion of the United States to Seal [Doc. # 49].

STATEMENT OF THE NATURE OF THE MATTER

This is an action brought by the United States of America seeking declaratory and injunctive relief under Section 14141 of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, filed on December 20, 2012. (Comp. ¶ 1). The Complaint alleges that the Defendant and his department unlawfully discriminate against Latinos in Alamance County by targeting them for investigation, detention, and arrest. (Comp. ¶ 3). Plaintiff alleges that the discriminatory policing activities of the Defendant date to at least January 2007. (Comp. ¶ 23). Along with other allegations, the Plaintiff alleges that the Defendant discriminates against Latinos by automatically referring them to ICE Investigators at the Alamance County Jail. (Comp. ¶'s 47-51). The Defendant has filed an Answer [Doc. # 6] to the Complaint.

A Joint Rule 26(f) Report has been filed by the parties [Doc. # 8], and an Order

Approving Joint Rule 26(f) Report has been entered [Doc. # 9].  Further, a Stipulation and Order Regarding Discovery has been entered by the Court [Doc. # 16].  In addition, a Joint Confidentiality and Protective Order has been entered by the Court [Doc. # 18]. General discovery has been extended until October 4, 2013. [Doc. # 32].

Defendant filed a Motion to Compel Discovery [Doc. # 23].  Following briefing by both parties, the Honorable Joe L. Webster, United States Magistrate Judge, entered an Order which granted Defendant's Motion to Compel. [Doc. # 34].  Plaintiff has filed what appears to be objections to the Magistrate Judge's Order, which the Plaintiff labels as Motion of the United States for Reconsideration of the Magistrate's Order to Disclose Confidential Informants. [Doc. # 36].  Defendant filed a Response to the Plaintiff's Motion for Reconsideration. [Doc. # 38].  Plaintiff then filed a Reply to the Response [Doc. # 50], and filed eight exhibits under seal.

The Defendant now files this Response in Opposition to the Plaintiff's Motion to Seal two of the eight exhibits.

## STATEMENT OF THE FACTS

The parties to this action have entered into a Confidentiality and Protective Order. [Doc. # 18].  The Order provides that documents produced in discovery be permitted to be designated as confidential.

The attorney for the Plaintiff in this action, Michael Songer, has filed a declaration as Exhibit A in support of his Reply in Support of its Motion for Reconsideration of the

Magistrate's Order. [Doc. # 50]. The Declaration is not a part of discovery materials. The Declaration has been filed under seal, and is the subject of the Motion to Seal. In his Declaration, Mr. Songer recites certain factual matters involving a card which was sent to a deponent. The Declaration further describes how Mr. Songer has met with the FBI, and that a criminal investigation has begun.

Mr. Songer has also filed excerpts from a deposition of a witness who is identified in Songer's reply as a "public critic" of the Defendant. The excerpts are filed under seal with the Court as Exhibit B to the Plaintiff's Reply. While part of discovery materials, the deposition of this "public critic" was taken by the Defendant, and has not been identified as confidential. In his Reply, Mr. Songer reports that the "public critic" testified that "(1) Defendant stationed a patrol car outside her home for long periods of time, prompting her to sell her house and move out of Alamance County; and (2) the Alamance County Attorney intimidated her by trying to force her daughter's school to seize and turn over her daughter's personal computer."

## QUESTION PRESENTED

SHOULD THE MOTION TO SEAL FILED BY THE PLAINTIFF BE DENIED AS TO EXHIBITS A AND B?

## ARGUMENT

The Motion to Seal filed by the Plaintiff should be denied as to Exhibits A and B.

In a case involving the unsealing of a *qui tam* complaint, the Fourth Circuit has stated that:

-3-

> In response, the government first argues, quite correctly, that the presumption in favor of public disclosure of court records can only be overcome by a significant countervailing interest. *See Rushford v. New Yorker,* 846 F.2d 249, 253 (4th Cir.1988).

*Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003).

This Court has followed the directive of the Fourth Circuit, and has further set forth the test for evaluating whether or not materials should be allowed to be filed under seal as follows:

> In evaluating whether a party has met its burden to overcome the public's right of access, the court should consider "the interests advanced by the parties in light of the public interest and the duty of the courts." *Nixon* [*v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)]*,* 435 U.S. at 602.

*Allergan, Inc. v. Apotex Inc.*, 1:10-CV-681, 2013 WL 1750757 (M.D.N.C. Apr. 23, 2013).

As shown by the Declaration of Albright, the United States has attacked the integrity of both the Alamance County Attorney and the Alamance County Sheriff's Office by making statements about the sealed documents in its filing, but without allowing the public to see what the documents actually say. These statements of the Plaintiff have been reported by the press, and have left a very negative impression of Alamance County's public figures. One such press article is filed herewith as Exhibit A.

As shown by the Declaration of Albright, neither of these allegations have merit. However, as long as the public is unable to see these documents, the public will be unable to make an informed decision on its own, thereby damaging the reputation of both the

Defendant and the County Attorney.

Far from trying to intimidate a witness, the Alamance County Attorney simply made a public records request from UNC. Exhibit C filed herewith. In doing so, he was unaware that the person who had possession of some of these records was the daughter of the "public critic". In fact, it had been reported in the press that the individual working at UNC was not the daughter of the "public critic". *See* article entitled "County attorney says e-mails constitute political advocacy", filed herewith as Exhibit D.

As to the allegations regarding the Sheriff and his department, these charges are also baseless. While a card may have been sent to a deponent in this action, the Sheriff was unaware of his address as shown by the e-mail filed as Exhibit B with the Declaration of Albright, and therefore could not have sent the card. It should also be noted that whether or not the card was a threat is not settled. The public should be able to view the sealed card in order to make its own determination as to whether or not an actual threat has been made.

Also as shown by the Declaration of Albright, there is no merit to the allegation that the "public critic" had to move because "the Defendant stationed a patrol car outside her home". The patrol car was present in her neighborhood because a deputy lived in the neighborhood and took home his patrol car. The Defendant believes that the public should have the ability to review the testimony of the "public critic" in light of the Albright Declaration in order to make an informed determination of the actions of the

Defendant.

It should finally be noted that the e-mail and letter to the "public critic" referenced in the Albright Declaration is being filed under seal so as not to reveal the identity of the deponent as the deponent's testimony has been filed under seal by the Plaintiff and is the subject of the Motion to Seal. The Defendant would also ask that this e-mail and letter be made public, and the Defendant be ordered to refile the e-mail and letter in the open in this case.

## CONCLUSION

For the foregoing reasons, the Motion to Seal filed by the Plaintiff should properly be denied as to Exhibits A and B.

This the 8th day of October, 2013.

Turrentine Law Firm, PLLC

by: /s/ S. C. Kitchen
S. C. Kitchen
NC Bar No. 9309
920-B Paverstone Dr.
Raleigh, NC 27615
Telephone: (888) 308-3708
Fax: (888) 308-3614
Email: ckitchen@turrentinelaw.com

CERTIFICATE OF SERVICE

I, S. C. Kitchen, hereby certify that on October 8, 2013, I filed this document with the U.S. District Court's electronic Filing (ECF) system, which will serve a copy by email to counsel, and further that for counsel who are not listed in the ECF system, I served a copy of the foregoing document on the counsel in this action by placing the same in the United States Mail, postage affixed:

Michael Songer
U. S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530
Email: Michael.Songer@usdoj.gov

C. Amanda Martin
1101 Haynes Street, Suite 100
Raleigh, North Carolina 27604-1455
Email: amartin@smvt.com

This the 8th day of October, 2013.

Turrentine Law Firm, PLLC

by: /s/ S. C. Kitchen
S. C. Kitchen
NC Bar No. 9309
920-B Paverstone Dr.
Raleigh, NC 27615
Telephone: (888) 308-3708
Fax: (888) 308-3614
Email: ckitchen@turrentinelaw.com