IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

---

United States of America,

        Plaintiff;

v.                                  No. 1:12-cv-1349

Terry S. Johnson, in his official capacity        Judge Thomas D. Schroeder
as Alamance County Sheriff,

Defendant.

CLYDE B. ALBRIGHT, pursuant to 28 U.S.C. § 1746, makes the following Declaration under penalty of perjury:

1- My name is Clyde B. Albright. I have been the Alamance County Attorney since December of 2008.

2- I first joined the County Attorney's Staff in 2007 as an Assistant County Attorney.

3- I am familiar with the pattern and practice of the United States Department of Justice, (DOJ), in pursuing local governments and Sheriffs and I have personal knowledge of the initial pre-investigation activities of the DOJ attorneys, the subsequent public/press investigation and the two lawsuits that followed brought by the DOJ, the first against the County and Sheriff, dismissed with prejudice in September of 2012 and the current case to which this declaration is directed.

4- In the Reply of the United States, ECF 50, supporting its motion for reconsideration of the Magistrates Order ECF No. 34, the DOJ attorney, Michael Songer omits several important facts.

5- Beginning on page 2 of the Reply Mr. Songer states that *"numerous individuals have expressed fear of reprisal for providing information to the United States"* and he then cites as an example: *"The Federal Bureau of Investigation ("FBI") recently opened a criminal investigation of a threat made to a former officer in the Alamance County Sheriff's Office ("ACSO") one week after he was identified as a witness in this case. See Decl. of Michael Songer, attached as Exhibit A."*

Mr. Songer does not state who made the threat, however the press has taken his statement and made public the implication that the alleged FBI investigation is focusing on the Sheriff. The FBI has not contacted me about any investigation involving the Sheriff. However, the media has contacted me inquiring about an FBI "investigation of the Sheriff". I have attached a copy of a recent media report.

Further, we do not have the address of the detention officer in issue and do not know how to reach him and therefore could not have mailed a "card" to him. I have attached a copy of an email indicating we do not know where the officer lives since his termination from the Sheriff's office in 2008.

6- Continuing on page 2 of the Reply with his theory that "numerous individuals have expressed fear of reprisal for providing information to the United States" Mr. Songer cites a second example:

*A public critic of Sheriff Johnson testified that: (1) Defendant stationed a patrol car outside her home for long periods of time, prompting her to sell her house and move out of Alamance County; and (2) the Alamance County Attorney intimidated her by trying to force her daughter's school to seize and turn over her daughter's personal computer. Deposition of [Redacted], attached as Exhibit B, at 77-78, 82.*

Mr. Songer fails to inform the Court that a deputy sheriff actually lived for several years a few houses down from the "public critic" and drove his patrol car to his home in the evening when his shift was completed, parking it in front of his home. The Sheriff did not *"station a patrol car outside her home"* and to make such an allegation is misleading at best. In fact the "public critic" bought property, selected plans, hired a builder and moved into her present new home several years ago. It would seem that this is not the action one would take to move out of a neighborhood quickly. In the second part of this example Mr. Songer fails to inform the Court that in 2010 the Alamance County Attorney made a lawful public records request to the University of North Carolina at Chapel Hill (UNC) for the emails of a Professor Gil and her Assistant's emails in accordance with the North Carolina Public Records Law. The "public critic" by telephone call to me requested a copy of the UNC public records request and in accordance with the Public Records Law I provided her with a copy on August 9, 2010, copy attached. The "public critic" did not express anger or intimidation in her telephone conversation with me when she requested the letter to UNC; she did not communicate with me any time in the three years since her contact and request; and she has never stated to me that her daughter was involved in the public records request. I do not know if Professor Gil or her Assistant are related to the "public critic" but they all have different last names. According to an August 12, 2010 article in the local Burlington, NC press, the Assistant, Ms. Helvey is Gils' daughter. A copy of the article is attached.

Further Declarant sayeth not.

This the 8th day of October 2013.

_____
Clyde B. Albright
Alamance County Attorney