UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
File No. 1:12-CV-1349

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | BRIEF IN SUPPORT OF |
| v. ) | MOTION FOR ORDER |
| ) | TO SHOW CAUSE |
| TERRY S. JOHNSON, in his official ) | |
| capacity as Alamance County Sheriff, ) | |
| Defendant. ) | |

_____

Defendant, Terry S. Johnson, in his official capacity as Alamance County Sheriff, has moved for a Motion for Order to Show Cause pursuant to Rule 45(e) of the Federal Rules of Civil Procedure and 18 U.S.C.A. § 401(3), and files this Brief in support thereof .

STATEMENT OF THE NATURE OF THE MATTER

This is an action brought by the United States of America seeking declaratory and injunctive relief under Section 14141 of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, filed on December 20, 2012. (Comp. ¶ 1). The Complaint alleges that the Defendant and his department unlawfully discriminate against Latinos in Alamance County by targeting them for investigation, detention, and arrest. (Comp. ¶ 3). As part of its fact discovery, the Defendant subpoenaed Jessica Flores Rosales for a deposition. Ms. Rosales failed to appear at the deposition, and the Motion for an Order to Show Cause has been filed by Defendant as a result of the failure.

## STATEMENT OF THE FACTS

Jessica Flores Rosales has been identified as a person who has information regarding an allegation of ethnic profiling contained in the Complaint of the Plaintiff. The Attorney for Defendant issued a subpoena for Jessica Flores Rosales to appear at a deposition on October 1, 2013. The subpoena was served in person on Ms. Rosales. Ms. Rosales lives in Mebane, NC and the deposition was scheduled for Graham, NC. [Exhibit A of Motion for Order to Show Cause]. Both towns are within the jurisdiction of this Court, and well within 100 miles of each other.

At the designated time for the hearing, the attorney for Ms. Rosales, Martin M. Rosenbluth, appeared, but the deponent, Jessica Flores Rosales, did not appear. The deposition was scheduled at 3:00 pm. At 3:17 pm, it was determined that Ms. Rosales was not going to appear, and the parties stipulated that the deposition of Ms. Rosales could be held past the deadline for fact discovery if she could be found and ordered to appear at a subsequent deposition. [Exhibit B of Motion for Order to Show Cause].

## QUESTION PRESENTED

SHOULD AN ORDER TO SHOW CAUSE WHY JESSICA FLORES ROSALES SHOULD NOT BE HELD IN CIVIL CONTEMPT BE ISSUED?

## ARGUMENT

18 U.S.C.A. § 401(3) provides that a Court has the power to punish a person for contempt for "Disobedience or resistance to its lawful writ, process, order, rule, decree, or command". More specifically, Rule 45(e) of the Federal Rules of Civil Procedure

provides that a Court has the power to hold non-parties in contempt when they fail to obey a subpoena. *Dunkin' Donuts, Inc. v. Three Rivers Entertainment and Travel,* 42 Fed. Appx. 573 (4th Cir. 2002) (*per curiam*). Further, as stated in *Dunkin Donuts:*

> As a general principle, it has been observed that "[a]lthough there are no specific procedural steps to follow in civil contempt proceedings, due process requires that the [alleged contemnor] be given the opportunity to be heard at a 'meaningful time and in a meaningful manner.'" *Fisher v. Marubeni Cotton Corp.,* 526 F.2d 1338, 1343 (8th Cir. 1975) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)).

*Id.* At the hearing, the alleged contemnor should be given the chance to "demonstrate good cause for its failure to obey the subpoena". *Id.*

As shown by Exhibit A filed with the Motion for Order to Show Cause, Jessica Flores Rosales was properly served with a subpoena for her deposition. At the designated time for the hearing, the attorney for Ms. Rosales, Martin M. Rosenbluth, appeared, but the deponent, Jessica Flores Rosales, did not appear. The deposition was scheduled at 3:00 pm. Further as shown by the transcript which is filed with the Motion as Exhibit B, at 3:17 pm, it was determined that Ms. Rosales was not going to appear.

Should Ms. Rosales fail to show good cause for her failure to obey the subpoena, or should Ms. Rosales fail to appear at a show cause hearing, the Defendant is asking the Court to hold Ms. Rosales in civil contempt and to have her confined pending the deposition in order to ensure her appearance. Further, following the show cause hearing and deposition, Counsel for the Defendant will meet with counsel for Plaintiff and Ms.

Rosales to determine appropriate costs and attorney fees.

## CONCLUSION

Based on the foregoing, the Defendant asks that a show cause hearing be held to determine if Jessica Flores Rosales should be held in contempt for failure to obey a subpoena for her deposition.

Respectfully submitted, this the 21st day of October, 2013.

                                          Turrentine Law Firm, PLLC

                                          by: /s/ S. C. Kitchen
                                          S. C. Kitchen
                                          NC Bar No. 9309
                                          920-B Paverstone Dr.
                                          Raleigh, NC 27615
                                          Telephone:   (888) 308-3708
                                          Fax:          (888) 308-3614
                                          Email: ckitchen@turrentinelaw.com

CERTIFICATE OF SERVICE

    I, S. C. Kitchen, hereby certify that on October 21, 2013, I filed this document with the U.S. District Court's electronic Filing (ECF) system, which will serve a copy by email to counsel, and further that for counsel who are not listed in the ECF system, I served a copy of the foregoing document on the counsel in this action by placing the same in the United States Mail, postage affixed:

    Michael J. Songer
    U. S. Department of Justice
    950 Pennsylvania Ave., N.W.
    Washington, DC 20530
    Email:  michael.songer@usdoj.gov

    C. Amanda Martin
    1101 Haynes Street, Suite 100
    Raleigh, North Carolina 27604-1455
    Email:  amartin@smvt.com

    Martin M. Rosenbluth
    Attorney at Law
    2737 Armfield Road
    Hillsborough, NC 27278

This the 21st day of October, 2013.

    Turrentine Law Firm, PLLC

    by: /s/ S. C. Kitchen
    S. C. Kitchen
    NC Bar No. 9309
    920-B Paverstone Dr.
    Raleigh, NC 27615
    Telephone:   (888) 308-3708
    Fax:             (888) 308-3614
    Email: ckitchen@turrentinelaw.com