IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| United States of America, Plaintiff; v. Terry Johnson, in his official capacity as Alamance County Sheriff, Defendant. | No. 12-cv-1349  UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO SEAL |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO SEAL**

The United States properly filed under seal two exhibits supporting a discovery motion – precisely the type of sealed filing contemplated by the Joint Confidentiality and Protective Order, ECF No. 18 ("Joint Confidentiality Order"). The parties agreed to the Joint Confidentiality Order to protect the identities of non-party witnesses during discovery and shield them from reprisal. Sealing exhibits attached to discovery motions does not diminish the public's access to evidence supporting the substantive claims in this litigation, as the United States intends to publicly file all evidence supporting any dispositive motions and has no objection to an open courtroom during trial. But there is no public right to access exhibits attached to discovery motions, *see*, *e.g*, *Chicago Tribune Co., et al. v. Bridgestone / Firestone, Inc.*, 263 F.3d 1304, 1312-15 (11th Cir. 2001), and the exhibits Defendant seeks to unseal were filed pursuant to the lawful Joint Confidentiality Order. The interests animating that Order apply with particular force

1

here, where numerous individuals have told the United States that they fear retaliation for providing information critical of the Defendant. Accordingly, the United States respectfully asks the Court to grant its Motion to Seal, ECF No. 49.

## ANALYSIS

The United States' decision to file under seal certain exhibits to a discovery motion conforms to the Joint Confidentiality Order issued by the Court and protects non-party witnesses from possible reprisal. These protections are paramount here, where witnesses have repeatedly informed the United States that they fear retaliation for providing information critical of Sheriff Johnson. *See*, *e.g.*, Reply in Support of Mot. for Reconsideration, ECF No. 50 ("Reply"), at 2, 9-10. To protect such individuals, the parties filed a Joint Motion for a Protective Order, ECF No. 17, which the Court entered on April 23, 2013. ECF No. 18. Both the United States and the Defendant have filed sealed exhibits to discovery motions during this litigation. *See*, *e.g.*, Def's Opp. to Mot for Reconsideration, ECF No. 38; U.S. Mot. for Reconsideration, ECF No 36. Consistent with this practice and the Joint Confidentiality Order, the United States moved to file under seal certain exhibits attached to its Reply.

Defendant now objects to sealing two of these exhibits: (1) an excerpt from the deposition of [REDACTED], who testified that she moved out of Alamance County because of threats and harassment; and (2) a threatening card sent to a former detention officer shortly after the officer was identified as a witness in this case. *See* Opp. to Mot. to Seal, ("Opp.") ECF No. 53, at 6. The sole basis for Defendant's opposition to sealing

2

the exhibits is that the United States made "statements about the sealed documents in its filing," which "have been reported by the press, and have left a very negative impression of Alamance County's public figures." Opp. at 4. The Opposition concludes that the exhibits should thus be un-sealed to allow the public "to make its own determination" about their meaning. *Id*. at 5.

This argument lacks any legal foundation. Indeed, the principle case cited by Defendants makes clear that the public right of access attaches only to "judicial records," which are "documents filed with the court [that] play a role in the adjudicative process, or adjudicate substantive rights." *Allergan, Inc. v. Apotex Inc.*, 2013 WL 1750757, at *5 (M.D.N.C. April 23, 2013) (quotation marks and citation omitted). Documents attached to discovery motions, including the United States' Reply in Support of its Motion for Reconsideration, do not trigger a public access right. *See Chicago Tribune Co.*, 263 F.3d at 1312-15 ("Press's common-law right of access does not extend to the sealed materials submitted in connection with motions to compel discovery"); *Anderson, et al. v. Cryovac, Inc., et al.*, 805 F.2d 1, 11-12 (1st Cir. 1986) ("We . . . hold that there is no right of public access to documents considered in civil discovery motions. . . [because] discovery proceedings are fundamentally different from proceedings to which the courts have recognized a public right of access.").

Because no public right of access attaches to the exhibits supporting the United States' discovery motion, filing them under seal is appropriate under the Joint Confidentiality Order. The Court entered the Joint Confidentiality Order for good cause

3

in response to the Parties' joint motion seeking to protect the identities of civilian victims, witnesses and employees of the Alamance County Sherriff's Office ("ACSO") – none of whom is a party to this action. *See, e.g., Haber v. Evans*, 268 F. Supp. 2d 507, 512 (E.D. Pa. 2003) (finding good cause for issuance of protective order protecting victims, witnesses, and confidential informants in civil rights case against law enforcement officials, and noting that "the alleged victims are not responsible for the public attention that the case has received"). The interest in maintaining the privacy and confidentiality of non-party witnesses is particularly acute here, where witnesses have expressed fears that Defendant will retaliate against them.

Further, sealing exhibits attached to discovery motions does not diminish the public's access to evidence supporting the substantive claims in this litigation. When dispositive motions are filed or during trial in this case – i.e., when substantive rights are actually being adjudicated – all evidence that the United States relies upon will be fully available to the public "to make its own determination." *See Chicago Tribune Co.*, 263 F.3d at 1212-15; *Anderson*, 805 F.2d at 11-12. Indeed, the United States strongly supports the public accountability required of both parties by an open trial in this matter.

Defendant attempts to show that sealing Exhibits A and B to the United States' Reply is unnecessary by disputing the validity of the intimidation claims made by the two witnesses referenced in those documents. These objections miss the point. The United States filed the exhibits pursuant to a lawful confidentiality order agreed upon by the parties and entered by the Court for good cause to protect the identity of non-party

4

witnesses. No public access right pierces the Order to reach exhibits supporting non-dispositive discovery motions. Accordingly, sealing the exhibits is proper.[1]

Regardless, Defendant's attempt to dismiss the intimidation faced by these witnesses is unconvincing. Defendant contends that "there is no merit" to [REDACTED]'s claim that ACSO intimidated her by stationing a patrol car outside her residence because "a deputy lived in the neighborhood and took home his patrol car." Opp. at 5. But [REDACTED] knew this deputy lived near her. *See* Declaration of [REDACTED], attached as Exhibit A ("[REDACTED] Decl."), at ¶8. She felt intimidated by a different ACSO patrol car that was stationed outside of her home – with a deputy inside the car. *Id*. at ¶¶7-10. Similarly unavailing is Alamance County Attorney Clyde Albright's contention that he did not realize that [REDACTED] was the mother of the 19-year-old female college student whose personal computer records the County Attorney demanded. Mr. Albright asserts that he sought records of University of North Carolina professor Hannah Gill and "her assistant." Albright Declaration, ECF No. 53-1, at 3. But [REDACTED]'s daughter never worked for Professor Gill in any capacity, [REDACTED] Decl. at ¶14, and multiple newspaper articles around the time of Mr. Albright's demand identified REDACTED as the mother of the targeted teenager. *See* Exhibit B.

---

[1] Moreover, the threatening card sent to a former officer is evidence in an ongoing FBI investigation. Even if a public access right attached to this exhibit, the compelling interest in protecting active law enforcement operations would preclude its disclosure.

5

Finally, Mr. Albright's assertion that he could not have mailed a threatening card to former ACSO officer [REDACTED] because he does "not know how to reach" the officer is irrelevant. Albright Decl. at 2. The United States has never made any representations about who authored the threat. Rather, the United States explained that the officer received the threat "one week after he was identified as a witness in this case." Reply at 2.

Ultimately, the validity of the intimidation claims is beside the point, but Defendant fails to cast any doubt on these allegations.

## CONCLUSION

For the foregoing reasons, the United States respectfully asks the Court to grant its Motion to Seal.

Respectfully submitted,

JONATHAN M. SMITH
Chief
Special Litigation Section

TIMOTHY D. MYGATT
Special Counsel

*s/ Michael J. Songer*
MICHAEL J. SONGER
DC Bar Number: 975029
AARON FLEISHER
Attorneys
United States Department of Justice

6

Civil Rights Division
950 Pennsylvania Avenue, N.W.
Washington, DC  20530
Tel: (202) 514-6255
Fax: (202) 514-4883
michael.songer@usodj.gov

Attorneys for the United States

## CERTIFICATE OF SERVICE

      I certify that the foregoing United States' Reply in Support of Its Motion to Seal was served through the electronic filing service on October 25, 2013, which will provide notice to all registered parties.

                                    *s/ Michael J. Songer*
                                    MICHAEL J. SONGER
                                    Attorney for the United States