UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
File No. 1:12-CV-1349

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TERRY S. JOHNSON, in his official ) <br> capacity as Alamance County Sheriff, ) <br> Defendant. ) | RESPONSE IN OPPOSITION TO UNITED STATES' MOTION TO SEAL |

_____

Defendant, Terry S. Johnson, in his official capacity as Alamance County Sheriff, responds in opposition to the Motion of the United States to Seal [Doc. # 63].

STATEMENT OF THE NATURE OF THE MATTER

This is an action brought by the United States of America seeking declaratory and injunctive relief under Section 14141 of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, filed on December 20, 2012. (Comp. ¶ 1). The Complaint alleges that the Defendant and his department unlawfully discriminate against Latinos in Alamance County by targeting them for investigation, detention, and arrest. (Comp. ¶ 3). Plaintiff alleges that the discriminatory policing activities of the Defendant date to at least January 2007. (Comp. ¶ 23). Along with other allegations, the Plaintiff alleges that the Defendant discriminates against Latinos by automatically referring them to ICE Investigators at the Alamance County Jail. (Comp. ¶'s 47-51). The Defendant has filed an Answer [Doc. # 6] to the Complaint.

A Joint Rule 26(f) Report has been filed by the parties [Doc. # 8], and an Order

Approving Joint Rule 26(f) Report has been entered [Doc. # 9]. Further, a Stipulation and Order Regarding Discovery has been entered by the Court [Doc. # 16]. In addition, a Joint Confidentiality and Protective Order has been entered by the Court [Doc. # 18]. General discovery closed on October 4, 2013. [Doc. # 32].

Defendant filed a Motion to Compel Discovery [Doc. # 23]. Following briefing by both parties, the Honorable Joe L. Webster, United States Magistrate Judge, entered an Order which granted Defendant's Motion to Compel. [Doc. # 34]. Plaintiff has filed what appears to be objections to the Magistrate Judge's Order, which the Plaintiff labels as Motion of the United States for Reconsideration of the Magistrate's Order to Disclose Confidential Informants. [Doc. # 36]. Defendant filed a Response to the Plaintiff's Motion for Reconsideration. [Doc. # 38]. Plaintiff then filed a Reply to the Response [Doc. # 50], and filed eight exhibits under seal. The Defendant filed a Response in Opposition to the Plaintiff's Motion to Seal two of the eight exhibits. [Doc. # 53]. The Plaintiff filed a Reply to the Response in Opposition to the Plaintiff's Motion to Seal two of the eight exhibits [Doc. # 64], and filed two exhibits under seal along with the Reply.

The Plaintiff filed a Motion to Seal the two exhibits. [Doc. # 63]. The Defendant now files this Response in Opposition to the Plaintiff's Motion to Seal.

STATEMENT OF THE FACTS

The parties to this action have entered into a Joint Confidentiality and Protective Order. [Doc. # 18]. The Order provides that documents produced in discovery be permitted to be designated as confidential. The Order does not deal with items that were

not produced in discovery.

The Plaintiff has moved to file two exhibits under seal pursuant to the Joint Confidentiality and Protective Order. [Doc. # 18]. The first Exhibit, as stated in Plaintiff's Motion, is a declaration from Dr. Laura Roselle. The second exhibit consists of two newspaper articles. Neither of these Exhibits falls within the parameters of the Protective Order.

## QUESTION PRESENTED

SHOULD THE MOTION TO SEAL FILED BY THE PLAINTIFF BE DENIED AS TO EXHIBITS A AND B?

## ARGUMENT

The Motion to Seal [Doc. #63] uses as its basis for sealing the two Exhibits, the Joint Confidentiality and Protective Order previously entered by the Court. [Doc. # 18]. The Protective Order provides that certain information may be designated as confidential. The Plaintiff purports to designate as confidential in the Motion to Seal the two Exhibits which are the subject of the Motion to Seal. Only certain information is covered by the Protective Order. The definition of Information in the Protective Order reads as follows:

> (c) **Information.** When used in this Order, the term "information" includes document, tangible things, electronic data, pleadings, exhibits, interrogatory responses, testimony, collections or groupings of information, and all other materials and information **disclosed or obtained through formal or informal discovery.** (Emphasis added).

Joint Confidentiality and Protective Order. [Doc. # 18, p. 2].

Neither the declaration of Dr. Laura Roselle nor the two newspaper articles fall

within the definition of information which may be designated as confidential as neither were "disclosed or obtained through formal or informal discovery". The declaration of Dr. Roselle is not part of discovery materials. Instead, the declaration is simply material filed in support of Plaintiff's Motion. Further, in Plaintiff's Motion to Seal, Dr. Roselle is identified as the person making the declaration. It does not appear that the Motion to Seal is attempting to prevent the disclosure of Dr. Roselle's identity, but seeks instead to prevent the disclosure of the matters stated in her declaration. Even had the declaration been subject to the Protective Order, the Order does not prevent the disclosure of testimony once the Personally Identifiable Information is stated in a Motion.

The second Exhibit which is the subject of Plaintiff's Motion to Seal consists of two newspaper articles which apparently were published in the Burlington Times-News. Additionally, based on an apparent url address at the bottom of each article, the two articles appear to be available on the Internet. Like the declaration of Dr. Roselle, neither of these articles appear to have been "disclosed or obtained through formal or informal discovery". Instead, the articles were simply copied from the Internet. Indeed, it strains all credulity to believe that it is necessary to file materials under seal to prevent their disclosure when these same materials are newspaper articles which have been circulated by the Burlington Times-News, and are apparently on the Internet.

As neither of the Exhibits fall within the purview of the Protective Order, the Plaintiff must show a "significant countervailing interest" to overcome "the presumption

-4-

in favor of public disclosure of court records". *Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003). Plaintiff has failed to state in its Motion to Seal any countervailing interest in being allowed to file the two Exhibits under seal. Therefore, the presumption in favor of public disclosure of court records must prevail, and the Motion to Seal should properly be denied.

## CONCLUSION

For the foregoing reasons, the Motion to Seal filed by the Plaintiff should properly be denied as to Exhibits A and B.

This the 28th day of October, 2013.

                                      Turrentine Law Firm, PLLC

                                      by: /s/ S. C. Kitchen
                                      S. C. Kitchen
                                      NC Bar No. 9309
                                      920-B Paverstone Dr.
                                      Raleigh, NC 27615
                                      Telephone:  (888) 308-3708
                                      Fax:         (888) 308-3614
                                      Email: ckitchen@turrentinelaw.com

CERTIFICATE OF SERVICE

I, S. C. Kitchen, hereby certify that on October 28, 2013, I filed this document with the U.S. District Court's electronic Filing (ECF) system, which will serve a copy by email to counsel, and further that for counsel who are not listed in the ECF system, I served a copy of the foregoing document on the counsel in this action by placing the same in the United States Mail, postage affixed:

Michael Songer
U. S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530
Email: Michael.Songer@usdoj.gov

C. Amanda Martin
1101 Haynes Street, Suite 100
Raleigh, North Carolina 27604-1455
Email: amartin@smvt.com

This the 28th day of October, 2013.

Turrentine Law Firm, PLLC

by: /s/ S. C. Kitchen
S. C. Kitchen
NC Bar No. 9309
920-B Paverstone Dr.
Raleigh, NC 27615
Telephone: (888) 308-3708
Fax: (888) 308-3614
Email: ckitchen@turrentinelaw.com

-6-