IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff;<br><br> v.<br><br>Terry Johnson, in his official capacity as Alamance County Sheriff,<br><br>    Defendant. | No. 12-cv-1349<br><br>MOTION TO MODIFY EXPERT DISCLOSURE DEADLINE AS TO A SINGLE EXPERT |

  The United States respectfully asks this Court to modify the expert disclosure deadline set forth in this Court's November 14, 2013, Order, ECF No. 67, as to one of its three experts. Good cause exists for such a modification, as dual medical emergencies in the expert's family prevented the expert from completing her report. The expert, Margo Frasier, has spent much of the past two weeks caring for her mother and her partner, both of whom are hospitalized and facing major surgeries. On Thursday morning, November 14, the United States informed Defendant of these medical emergencies and asked if Defendant would agree to extend the deadline for Ms. Frasier's expert report as well as Defendant's deadline for rebutting the report. After taking a day to discuss the proposal with his client, Defendant's attorney refused to agree to any extension.

  Accordingly, the United States now asks this Court to briefly extend the expert disclosure deadline for Ms. Frasier's report. The United States proposes the following new deadlines to apply only to Ms. Frasier's report:

- Submission of Ms. Frasier's expert report: November 25, 2013; and

- Defendant's submission of a rebuttal report: January 6, 2014.

Pursuant to the current expert disclosure deadlines, the United States has already provided expert reports from its other two expert witnesses and has disclosed all Rule 26(a)(2)(B) materials related to Ms. Frasier except for her expert report. The only material not provided is Ms. Frasier's report itself. There is good cause for extending the deadline for this report, and the requested extension would not impact any other case management deadlines.

## ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) provides that a district court may modify a discovery schedule "for good cause and with the judge's consent." The Rule 16 inquiry centers on the diligence of the party or parties requesting a modification. Advisory Comm. Note to Rule 16(b), 1983 (court may "modify the schedule on a showing of good cause if the deadline cannot be met despite the diligence of the party seeking the extension."); *see also Montgomery v. Anne Arundel County*, 182 F. App'x. 156, 162 (4th Cir. 2006) (under Rule 16(b)'s good cause standard, "the primary consideration is the diligence of the moving party"); *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 632 (D. Md. 2003) ("The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant.").

The United States easily satisfies this standard here, where Ms. Frasier's diligent efforts to complete her report were thwarted by unforeseeable medical exigencies. The United States retained Ms. Frasier to review the policies, procedures, training, and

accountability mechanisms of the Alamance County Sheriff's Office ("ACSO") to assess whether ACSO has employed adequate procedures to prevent discrimination against Latinos. Ms. Frasier is highly qualified to make this judgment. She served as Sheriff of Travis County (Austin), Texas from 1997 – 2004 and presently works as the Police Monitor for the City of Austin. Ms. Frasier previously served as president of the Major County Sheriff's Association and has 35 years of law enforcement experience. To prepare for her analysis of ACSO, Ms. Frasier reviewed several thousand pages of deposition transcripts, ACSO policies, and procedures. Ms. Frasier also toured Alamance County, met with various individuals with knowledge of ACSO operations, and began to draft an expert report.

Despite these efforts, two family medical emergencies prevented Ms. Frasier from completing her expert report. First, on October 30, 2013, Ms. Frasier's 85-year-old mother was hospitalized after falling and breaking her femur. On November 11, 2013, Ms. Frasier's mother underwent difficult surgery, after which doctors struggled to stabilize her. Ms. Frasier's mother remains hospitalized, and Ms. Frasier has devoted significant time and energy to supporting her. Second, on November 13, 2013, Ms. Frasier's partner was admitted to the emergency room due to pain and fever. The medical personnel attending to Ms. Frasier's partner are attempting to stabilize her in hopes of performing surgery on November 19, 2013.

As a result of these two medical situations, Ms. Frasier has been under extreme stress and has devoted most of her time to taking care of her mother and

partner. Despite her best efforts, Ms. Frasier has not been able to complete her expert report during this period.

Accordingly, the United States asks the Court to extend the deadline for Ms. Frasier's expert report and any rebuttal report filed by Defendant in response to Ms. Frasier's conclusions. The requested extension would not impact other case management deadlines.

Respectfully submitted,

JONATHAN M. SMITH
Chief
Special Litigation Section

TIMOTHY D. MYGATT
Special Counsel
Special Litigation Section
Civil Rights Division

*s/ Michael J. Songer*
MICHAEL J. SONGER
DC Bar Number: 975029
AARON FLEISHER
Attorneys
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
Tel: (202) 514-6255
Fax: (202) 514-4883
michael.songer@usodj.gov

Attorneys for the United States

## CERTIFICATE OF SERVICE

I certify that the foregoing Motion to Modify Expert Disclosure Deadlines as to a Single Expert was served through the electronic filing service on November 15, 2013 to the following individual:

S.C. Kitchen
Turrentine Law Firm
920-B Paverstone Dr
Raleigh, NC  27615
ckitchen@turrentinelaw.com


Attorney for Defendant Sheriff Johnson


*s/ Michael J. Songer*
MICHAEL J. SONGER
Attorney for the United States