UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
File No. 1:12-CV-1349

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | RESPONSE IN OPPOSITION TO |
| v. | ) | UNITED STATES MOTION TO |
| | ) | MODIFY EXPERT DISCLOSURE |
| TERRY S. JOHNSON, in his official | ) | DEADLINE AS TO A SINGLE |
| capacity as Alamance County Sheriff, | ) | EXPERT |
| Defendant. | ) | |

Defendant, Terry S. Johnson, in his official capacity as Alamance County Sheriff, responds in opposition to the Motion of the United States to Modify Expert Disclosure Deadline as to a Single Expert.

STATEMENT OF THE FACTS

A Joint Rule 26(f) Report has been filed by the parties (Doc. 8), and an Order Approving Joint Rule 26(f) Report has been entered (Doc. 9). Pursuant to the Rule 26(f) Report and Order, reports from retained experts were due on October 7, 2013. The Court modified the discovery schedule following a joint motion of the parties to extend the discovery schedule with simultaneous submission of expert reports on November 8, 2013. (Doc. 32). A second joint motion to modify the expert disclosure deadlines was filed when the United States was unable to complete its expert disclosures by November 8, 2013. (Doc. 66). This motion was granted by the Court, and all expert disclosures were to be made on November 15, 2013. (Doc. 67).

The United States has now filed for a third extension for expert disclosures

only for one of their experts. (Doc. 68). The submission of the report of Defendant's expert has taken place, as has the submission of two of Plaintiff's experts.

QUESTION PRESENTED

SHOULD THE THIRD EXTENSION FOR EXPERT DISCLOSURES BY THE UNITED STATES BE GRANTED?

ARGUMENT

The standard to determine if a scheduling order should modified has been stated by this Court in *E.E.O.C. v. Dolgencorp, LLC*, 1:09CV700, 2011 WL 1260241 (M.D.N.C. Mar. 31, 2011). There this Court stated:

> Rule 16(b) provides that a "schedule may be modified *only for good cause* and with the judge's consent." Fed.R.Civ.P. 16(b)(4) (emphasis added). Other courts in this Circuit have emphasized that the "good cause" inquiry focuses on the diligence of the movant seeking to alter a scheduling order. *See George v. Duke Energy Retirement Cash Balance Plan,* 560 F.Supp.2d 444, 480 (D.S.C.2008) (" 'Good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."); *Marcum v. Zimmer,* 163 F.R.D. 250, 255 (S.D.W.Va.1995) ("[T]he touchstone of 'good cause' under Rule 16(b) is diligence."). *See also* Fed.R.Civ.P. 16 advisory committee's note, 1983 Amendment, Discussion, Subdivision (b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

The Plaintiff fails to show that the schedule could not be met if the expert had used due diligence in completing the expert witness report. It should be noted that the Defendant agreed to an extension of the period for all expert witness reports when the Plaintiff could not originally meet its deadline. The Court granted an extension of one

week as requested by the Plaintiff at a hearing on November 8, 2013. (Doc. 67). The Plaintiff states in its Motion that the reason the expert could not complete her report was due to her mother breaking her leg on October 30, 2013. It should be further noted that there is nothing in the record to indicate that the medical emergencies actually occurred as represented other than the motion of the Plaintiff. The Plaintiff additionally states that the mother had surgery on November 11, 2013. Both the breaking of the leg and ostensibly the date of the surgery were known at the hearing in District Court. Based on the representations of Plaintiff's counsel, the Defendant had agreed to the second extension requested by the Plaintiff. If additional time had been needed, it should have been requested no later than the hearing of the matter.

While the Plaintiff now represents that there has been a second emergency, the second emergency allegedly occurred only two days before the reports were due. If due diligence had been used by the Plaintiff's expert, it would appear that at least a final draft of the report should have been completed prior to two days before the deadline. It is not clear why it would take ten days to then submit the report. The Defendant believes that this indicates that due diligence has not been used in completing the report.

Further, material to this request is that all the other expert discovery reports have been exchanged. This gives the Plaintiff's expert a distinct advantage in that she has the ability to review the Defendant's expert report prior to submitting her own. If

-3-

the Plaintiff had not intended to give her this unfair advantage, then the request should have been for all the expert witness reports to have been delayed by ten days.

It should also be recognized in considering the motion for the modification of the scheduling order that it is not clear that the person identified as Plaintiff's expert, Margo Frasier, can qualify as an expert in the instant case. The Plaintiff represents that Ms. Frasier is an expert since she served as sheriff of Travis County, Texas for seven years; works as a police monitor for the City of Austin, Texas; and previously served as president of the Major County Sheriff's Association. It is difficult to see how knowledge of the policies and procedures of departments in a Texas County with a population of over 1,000,000 could have much relevance to a county in North Carolina where the population of the portion of the county outside of the municipal limits where the Sheriff is the primary law enforcement agency is less than 65,000. While it need not be determined at this time, it does not appear that the testimony of Ms. Frasier can or will meet the requirements of Rule 702 of the Federal Rules of Evidence and the Supreme Court's ruling in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

CONCLUSION

It does not appear that the expert witness for the Plaintiff has used due diligence in completing her report, the filing of a late report is prejudicial to the Defendant as the Plaintiff's expert has the ability to review the expert witness report

of the Defendant prior to submitting her report, and it is not clear that the witness for the Plaintiff can qualify as an expert witness. For these reasons, the motion to modify the scheduling order to provide for a third extension of time should be denied.

Respectfully submitted, this the 25th day of November, 2013.

                                            Turrentine Law Firm, PLLC

                                            by: /s/ S. C. Kitchen
                                            S. C. Kitchen
                                            NC Bar No. 9309
                                            920-B Paverstone Dr.
                                            Raleigh, NC 27615
                                            Telephone:   (888) 308-3708
                                            Fax:            (888) 308-3614
                                            Email: ckitchen@turrentinelaw.com

CERTIFICATE OF SERVICE

I, S. C. Kitchen, hereby certify that on November 25, 2013, I filed this document with the U.S. District Court's electronic Filing (ECF) system, which will serve a copy by email to counsel, and further that for counsel who are not listed in the ECF system, I served a copy of the foregoing document on the counsel in this action by placing the same in the United States Mail, postage affixed:

    Michael Songer
    U. S. Department of Justice
    950 Pennsylvania Ave., N.W.
    Washington, DC 20530
    Email: Michael.Songer@usdoj.gov

    Aaron S. Fleisher
    U. S. Department of Justice
    950 Pennsylvania Ave., N.W.
    Washington, DC 20530
    Email: aaron.fleisher@usdoj.gov

    C. Amanda Martin
    1101 Haynes Street, Suite 100
    Raleigh, North Carolina 27604-1455
    Email: amartin@smvt.com

This the 25th day of November, 2013.

                        Turrentine Law Firm, PLLC

                        by: /s/ S. C. Kitchen
                        S. C. Kitchen
                        NC Bar No. 9309
                        920-B Paverstone Dr.
                        Raleigh, NC 27615
                        Telephone: (888) 308-3708

Fax: (888) 308-3614
Email: ckitchen@turrentinelaw.com