IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| TERRY S. JOHNSON, in his official capacity as Alamance County Sheriff, | ) ) ) ) | 1:12cv1349 |
| Defendant, | ) ) ) | |
| and | ) ) | |
| BONEY PUBLISHERS, INC., | ) ) | |
| Intervenor. | ) | |

## MEMORANDUM ORDER

Before the court are objections (Doc. 84) to the United States Magistrate Judge's Order regarding discovery (Doc. 83) filed by Intervenor Boney Publishers, Inc. ("Boney"). The Government, which opposed Boney's motion before the Magistrate Judge, has responded, again in opposition. (Doc. 92.) Defendant Terry S. Johnson, who did not file any response supporting or opposing Boney's original motion, also has not filed a response. For the reasons set forth below, Boney's objections will be overruled.

Boney's objections concern a Joint Confidentiality and Protective Order ("Protective Order") governing discovery between the United States and Johnson. (Doc. 18.) In the

underlying action, the Government alleges a pattern or practice of the Alamance County Sheriff's Office ("ACSO") of discriminatory law enforcement activities directed against Latinos in violation of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141. (Doc. 1.)

Discovery began in March 2013 (Doc. 16), and the Protective Order was granted on April 23 (Doc. 18). On September 4, Boney moved to intervene in the case to advocate for public access to discovery materials (Doc. 41), and the court granted the motion to intervene on November 14 (Doc. 67). The court declined to rule on Boney's arguments regarding access and modification of the Protective Order at that time, instead inviting Boney to address those arguments to the Magistrate Judge, who entered the Protective Order in the first instance. Boney did so, contending that the Protective Order violates North Carolina's Public Records Law and the public's First Amendment right of access. (Doc. 75.)

The Magistrate Judge modified the Protective Order in several ways ("Amended Protective Order"), but did not grant the access Boney seeks. (Doc. 83 at 7-8.) The Magistrate Judge found that neither the common law nor the First Amendment provided the public with a presumptive right of access to the discovery materials at issue and that the Government's interest in confidentiality outweighed the public's interest in access.

(Doc. 83 at 3-7.) He further found that, while the exemption for work product in the North Carolina Public Records law (N.C. Gen. Stat. § 132-1.9(g)) did not protect the documents from disclosure, "[t]he federal judiciary is not constrained in any way by state law requiring public access to documents." (Doc. 83 at 7.) Consequently, because of the confidentiality concerns implicated, the Magistrate Judge refused to modify the Protective Order to allow the level of public access Boney advocated.

Boney does not object to the Magistrate Judge's findings regarding the common law and First Amendment, but it instead limits its objections to the Magistrate Judge's ruling regarding the North Carolina Public Records Law. (Doc. 84.) Therefore, this court's review is similarly limited. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a). The Magistrate Judge modified the Protective Order in two ways: (1) documents are no longer automatically designated "confidential," but must be sealed or redacted by the parties to prevent disclosure of "personally identifiable information," and (2) judicial records used to adjudicate substantive rights or attached to dispositive motions are not subject to the Protective Order and will only be deemed confidential upon a proper motion, notice, and the court's ruling. (Doc. 83 at 7-8.) Boney contends the Magistrate Judge's modifications "do not go far enough." (Doc. 84 at 3.)

The modifications Boney seeks include asking the court to "[m]odify the definition of 'personally identifiable information,'" eliminate the "automatic designation of information as 'confidential,'" and "clarify" that the Protective Order does not restrict ACSO in any way from complying with the North Carolina public records law.[1] (Id. at 10.) Essentially, Boney seeks to obtain through public records requests documents in ACSO's possession that were produced by the Government to ACSO during discovery.

Pursuant to Federal Rule of Civil Procedure 72, this court must modify or set aside any part of a Magistrate Judge's order on a non-dispositive matter "that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The parties agree that Rule 72(a)'s standard applies. (Doc. 84 at 3; Doc. 92 at 4-5.) "A factual finding is clearly erroneous when the court is left with the definite and firm conviction that a mistake has been committed. Although the contrary to law standard permits plenary review of legal conclusions, decisions related to discovery disputes are accorded greater deference." United States v. Duke Energy Corp., No. 1:00CV1262, 2012 WL 1565228, at

---

[1] Boney also seeks an addition to the Protective Order that would require "a constitutionally sound procedure for the proposed filing under seal of documents designated as 'confidential.'" (Doc. 84 at 10.) This request is moot in light of the addition of new Local Rule 5.4 that address the requirements for the filing of materials under seal, effective March 1, 2014, and published on the court's website after the filing of Boney's objections.

4

*1 (M.D.N.C. Apr. 30, 2012) (quoting Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011)) (alterations omitted).

As a practical matter, many of the documents to which Boney sought to gain public access are now public. For example, Boney sought a "2012 statistical study commissioned by the [Government] that indicates a Latino driver in Alamance County is 'as much as ten times more likely than a similarly situated non-Latino driver to be stopped by an ACSO deputy for committing a traffic infraction.'" (Doc. 84 at 2-3.) The studies upon which the Government relies are now public exhibits to the Government's motion for summary judgment. (Docs. 89-42, 89-45.) Similarly, Boney sought supporting documents for racially discriminatory statements allegedly made by Johnson. (Doc. 84 at 3.) Depositions of over forty witnesses, which include testimony regarding such statements, have also been made public. (See Doc. 89-1 (listing depositions attached as exhibits).) All of Boney's objections as to documents that are now public are therefore moot.

Boney's remaining objections regarding discovery materials not made public rest solely on the North Carolina public records statute, N.C. Gen. Stat. § 132-1 et seq. Contrary to Boney's assertions, state public records laws are not absolute guarantees of disclosure. When balanced against important

competing considerations, state public records laws have been overridden.  See, e.g., United States v. Loughner, 807 F. Supp. 2d 828, 835 (D. Ariz. 2011) (in criminal case, Sixth Amendment right to fair trial outweighed state public records law); Dream Palace v. Cnty. of Maricopa, 384 F.3d 990, 1012 (9th Cir. 2004) (in civil case, First Amendment right to self-expression outweighed state public records law); Wittenberg ex rel. J.W. v. Winston-Salem/Forsyth Cnty. Bd. of Educ., No. 1:05CV818, 2009 WL 2566959 (M.D.N.C. Aug. 19, 2009) (in civil settlement agreement, minor child's right to privacy outweighed North Carolina's public records law).

Here, the Magistrate Judge carefully considered the public's right of access and the Government's interest in maintaining the confidentiality of discovery materials, principally the private, identifying information of certain witnesses who fear reprisal.  (Doc. 83 at 6-7.)  The Magistrate Judge found the Government's interest to be more compelling.[2]  It is neither clearly erroneous nor contrary to law to find that the Government's confidentiality interests in this particular case outweigh the state public records law at this stage.

---

[2] The Government notes that many of the documents Boney now seeks are those of the federal government that would not be in the possession of Johnson but for this litigation.  (Doc. 92 at 8.)

For the reasons stated, the court finds that no part of the Magistrate Judge's Protective Order to which objection is made is clearly erroneous or contrary to law.

IT IS THEREFORE ORDERED that Boney's objections are overruled, and the Magistrate Judge's Amended Protective Order is affirmed.

                                               /s/   Thomas D. Schroeder
                                              United States District Judge

May 19, 2014